The People of the State of Illinois, Plaintiff-Appellee, v. Paul "Podo" Hill, Defendant-Appellant.

Gen. No. 10,738.

Fourth District.

December 29, 1966.

Joseph W. Maddox, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield (Robert T. Lawley, of counsel), for appellee.

TRAPP, J.

Defendant was convicted upon his plea of guilty to an indictment charging attempt to murder, aggravated assault and aggravated battery. He was granted probation upon such plea, and he now appeals from an order of the trial court denying his motion for leave to withdraw the plea of guilty.

Upon arraignment defendant pleaded not guilty. The trial of the case commenced on July 13, 1965, the jury was sworn, the defendant being represented by counsel of his own choice. Upon resumption of the trial on July 14th, defendant, through counsel, asked leave to withdraw his plea of not guilty and to enter a plea of guilty. Upon admonition by the court, defendant persisted in such plea and it was accepted by the court. Motion for probation was made and such was referred to the probation officer, and the cause continued for hearing.

On September 8, 1965, trial counsel withdrew and defendant's present counsel procured a general continuance on September 15, 1965. On October 7th the motion at issue was filed with defendant's affidavit alleging that representations were made to him that if he pleaded guilty he would be placed on probation for 5 years, and that while he felt that he had a valid defense to the charge:

> ". . . (he) decided in view of the representations, that insistence upon a trial with the chances involved therein was not desirable and that he could lose much more than he could gain, i. e., the possibility of a finding of guilty and a resulting long sentence as against a certain six months and probation."

On October 8th evidence in aggravation and mitigation was heard, as well as, presumably, evidence upon the motion to withdraw the plea of guilty. While it was not set out in the affidavit, defendant testified that he was arrested in a bar for drunkenness during the month of August, 1965, and that the arresting officer said that they would see that he did not get probation, so that defendant felt that he should stand trial upon his defenses. Such asserted police threat was not successfully consummated.

Defendant's theory of defense, never clearly stated, includes the facts that the victim of the shooting who was large, and the defendant, who was small, were quarreling in a bar; that the former slammed the latter against a wall during the quarrel and that as the procedure was repeated the bartender slipped a revolver across the bar to the defendant, who thereupon fired 3 times, striking the victim in the stomach on one round and hitting a bar stool with the other two. The defendant testified, in substance, that he went to St. Louis for a few days because he did not have bond money, depositing the hand-gun in a river, presumably the Mississippi, during the journey. Some 5 or 6 days later he returned to Springfield to surrender to the police. At this hearing defendant testified that the friendly bartender had returned to California. No other witnesses to the occurrence were called by the defendant. The victim Kelly admitted throwing the defendant against the wall but stated that when shot, he had raised the bar stool to protect himself from the gun held by the defendant.

We have examined the cited authorities, as well as others, upon defendant's proposition that the trial court, in the exercise of its judicial discretion, should have granted the motion to withdraw the plea where it appears that such plea had been entered through a misapprehension of the law, or where it appears there is doubt of guilt, or any defense exists at all worthy of consideration by a

465

jury, or where the ends of justice will best be served by permitting a plea of not guilty.

In People v. Adams, 379 Ill 323, 40 NE2d 730; People v. Morreale, 412 Ill 528, 107 NE2d 721 and People v. Zuckerman, 46 Ill App2d 210, 197 NE2d 136, probation was denied by the court, although in each case the State's Attorney had urged that a plea be entered and that probation would be granted. In Morreale, in addition, the court found a great want of orderly procedure where the plea was changed hastily by substitute counsel at the urging of the State's Attorney.

In People v. Ross, 409 Ill 599, 100 NE2d 923, defendant was an illiterate 16-year-old, and the proceedings were so confused that the Supreme Court could not determine whether a plea was made to murder or manslaughter, or whether the trial court was hearing evidence to determine whether or not the defendant was acting in self-defense. People v. Jameson, 387 Ill 367, 56 NE2d 790, is cited by defendant. There the death sentence was imposed upon a young man with virtually no education and without counsel, where the record was found to be clear that the defendant did not realize that he was pleading guilty to murder, but was only admitting that he fired the shot.

█ In this case the record discloses that the procedure was orderly and that the defendant received probation precisely as he was advised. In fact, defendant's affidavit discloses that he acted upon the advice of retained counsel in taking a calculated step, recognizing that upon trial he might be convicted and receive a greater sentence. Under such circumstances, it is proper to deny the motion to withdraw the plea of guilty. People v. Zuckerman, 46 Ill App2d 210, 197 NE2d 136; People v. Morreale, 412 Ill 528, 107 NE2d 721; People v. Adams, 379 Ill 323, 40 NE2d 730.

█ Our conclusion is not altered in this case by reason of the fact that the motion to withdraw the plea was

made prior to the hearing on the motion for probation. After a plea of guilty a prisoner before the court is a convicted criminal, and the presumption of innocence on which the law indulges on a not guilty plea no longer exists. People v. King, 1 Ill2d 496, 116 NE2d 623; People v. Riley, 376 Ill 364, 33 NE2d 872.

We cannot say that there was an abuse of discretion by the trial court in denying the motion to withdraw the plea of guilty, and the judgment is affirmed.

Judgment affirmed.

CRAVEN, P. J. and SMITH, J., concur.