(No. 41229.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LINWOOD SLUDER, Appellant.

*Announced July 29, 1968.—Opinion filed September 24, 1968.*

GEORGE E. HUPP, of Ottawa, for appellant.

ROBERT E. RICHARDSON, State's Attorney, of Ottawa, for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An indictment charging the defendant, Linwood Sluder, with burglary was returned by the grand jury of LaSalle County on August 15, 1963. Thereafter he pleaded guilty and moved for probation. A hearing in mitigation and aggravation was conducted, and at the conclusion of that hearing the prosecutor recommended a sentence of imprisonment in the penitentiary for not less than one nor more than three years. This recommendation was not adopted by the court. Instead, the defendant was placed on probation for a period of three years. On December 12, 1963, the State's Attorney filed a motion to revoke probation, which was allowed, and on December 16, 1963, the defendant was sentenced to imprisonment in the penitentiary for not less than 20 nor more than 40 years. On October 25, 1966, the defendant filed his record in the Appellate Court, Third District, by way of writ of error

pursuant to Rule 602 of this court. (36 Ill.2d 170; Ill. Rev. Stat. 1963, chap. 38, par. 769.1) The appellate court transferred the cause to this court. 91 Ill. App.2d 301.

The transcript of record filed in the appellate court included a post-conviction petition filed by the defendant, a motion to dismiss that petition, and an order dismissing it. The post-conviction petition was filed on August 29, 1966. The appellate court regarded the case as an appeal from the judgment dismissing the post-conviction petition, and for that reason transferred it to this court. The record in the case, however, contains no notice of appeal from the order dismissing the post-conviction petition, and the briefs of the parties make no mention of that petition, any of its allegations, or its disposition. Actually, what was before the appellate court was a writ of error to review the original judgment, filed pursuant to Rule 602 of this court.

The dominant issue raised by the defendant is the propriety of the sentence imposed upon him which, he contends, was based upon serious crimes said to have been committed by him while he was on probation, rather than upon the offense to which he had pleaded guilty. (See, *People* v. *Grigsby,* 75 Ill. App.2d 184, *People* v. *Lillie,* 79 Ill. App.2d 174, *People* v. *White,* 93 Ill. App.2d 283.) But the sentence imposed is within the statutory limits prescribed for the offense to which the defendant had pleaded guilty, and this issue does not involve a constitutional question.

A secondary contention stems from the fact that the *capias* issued upon the indictment was served upon the defendant on August 15, 1963, and he was not arraigned until September 4, 1963. On the latter date an attorney was appointed to represent him, and he was furnished a copy of the indictment, a list of witnesses and jurors, and "a copy of the statement herein." The defendant suggests that it was a denial of due process "to incarcerate him and delay in presenting the accused before the court, es-

pecially when during the delay efforts are made to get the accused to 'talk'." The defendant concedes, however, that the record does not show any effort to get him to talk. Nor does it show when the "statement" referred to was made, or whether it was made while the defendant was in custody. The record thus does not support the constitutional claim that the defendant seeks to raise.

Because the case does not involve an appeal from a judgment in a post-conviction proceeding and presents no constitutional issue, it was transferred to the Appellate Court, Third District, by an order of this court entered on July 29, 1968. This opinion explains why this court lacked jurisdiction.