THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN VIAR, Defendant-Appellant.

(No. 11325;

Fourth District—April 16, 1971.

Morton Zwick, of Defender Project, of Chicago, for appellant.

Robert Bier, State's Attorney, of Quincy, (Matthew A. Hutmacher, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant pleaded guilty to burglary and was sentenced to the penitentiary for a period of not less than two nor more than ten years. He now asserts that the information failed to allege the ownership of the burglarized property in a specific entity and it is therefore void. It

follows, he says, that information being void, the court was without jurisdiction and the judgment should be reversed and the defendant discharged.

The abstract of the record contains only the information which so far as it is relevant charges that the defendant committed the offense of burglary in that he "without authority, knowingly entered into a building of Quincy Council of Churches doing business as Last Chapter Coffee House, with intent to commit therein a theft, in violation of Criminal Code of 1961, Section 16—1". At the time that the original brief of the defendant and the answering brief of the State's Attorney were filed, *People ex rel. Ledford v. Brantley*, 46 Ill.2d 413, 263 N.E.2d 27, was not published. It was however cited to us in the reply brief of the defendant.

It was the majority view in *Brantley* that there was no allegation of ownership of the dwelling burglarized nor a description of any property taken and that the indictment was thus fatally defective. *Brantley* was a *habeas corpus* proceeding and it is patent that it can apply only to an indictment or information which completely fails to charge an offense sufficient to confer jurisdiction on the court. Two judges dissented and agreed that the indictment describes the victim H. H. Barker as an owner but does not specify what he owns. The dissenting judges would hold the indictment sufficient citing *People v. Grigsby*, 357 Ill. 141, 191 N.E. 264.

■■ Irrespective of whether one takes the view of the majority or the view of the dissenting judges in *Brantley*, it has no application to the sufficiency of the information we consider. The majority opinion is based on the proposition that an allegation of ownership is jurisdictional and the failure to allege any ownership in the property is fatal. The dissenting opinion takes the view that such an interpretation is entirely too technical and that an allegation of ownership is not necessary. Either point of view does not apply to the information here. Here there was an allegation of ownership in "Quincy Council of Churches doing business as Last Chapter Coffee House". This, the defendant asserts may be one person, a partnership, a corporation, or an unincorporated association. We do not regard it as even debatable but that this is an allegation of ownership or possession with a want of specificity as to the precise legal entity in which ownership or occupancy reposes. In short, this information does not fail to allege ownership or occupancy, but if it may be deemed to be faulty at all, it is that it is an allegation of ownership imprecisely stated and if it is an allegation of ownership imprecisely stated, it is not void and the court had jurisdiction.

We would first observe that under Ill. Rev. Stat. 1969, ch. 38, par. 19—1, "(a) A person commits burglary when without authority he

knowingly enters &ast; &ast; &ast; a building &ast; &ast; &ast; with intent to commit therein a felony or theft". The statute defining burglary requires no allegation of ownership. The extent to which there is any requirement rests in court decisions and is designed (a) to enable the accused to prepare for trial, (b) to plead former acquittal or conviction under the indictment and (c) to negative ownership or possession in the defendant. *People v. Johnson,* 20 Ill.2d 336, 169 N.E.2d 776.

■■ The defendant urges that his plea of guilty in this case should have no bearing on our decision. In *Brantley,* the Supreme Court pointed out that a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional and its decision in that case is based on the proposition that the omission was jurisdictional and the indictment void. It is one thing to hold that there is a total omission of a necessary allegation and quite another to hold that a necessary allegation is imprecisely stated. The defendant likewise contends that there is a potential variance between the evidence that would be required to support the allegations in this information in that the specificity of ownership or occupation is not set forth. The defendant apparently did not consider this important at the time of his plea as the abstract shows no motion directed to the complaint was filed nor was a motion for a bill of particulars filed. If the specific ownership or occupation was of some importance in the preparation of his defense or in securing him against double jeopardy, it nowhere appears in this record. Whether the Quincy Council of Churches was the owner or the occupant, it is specifically stated that its use of the building was conducting a business known as "Last Chapter Coffee House". It is unlikely that there is another establishment so designated in Adams County or that this information is not a sufficient safe-guard against double jeopardy.

The specificity which the defendant now insists upon has been repeatedly repudiated by the Supreme Court. In *People v. Stewart,* 23 Ill.2d 161, 177 N.E.2d 237, it stated that an allegation of ownership may be established by proof of occupancy and possession and under such circumstances a rigid requirement of ownership becomes an empty formality where the premises involved are effectively identified and the rights of the accused are fully protected by an indictment that charges the unlawful entry of a building in the possession of another. In *People v. Peck,* 29 Ill.2d 480, 194 N.E.2d 245, the Supreme Court again stated that it was not apparent how the defendant could be aided by a rigid insistence upon an artificial allegation that need not be proved and repeated that in *Stewart* it had put an end to this insistence upon an empty formality. This same view was again stated in *People v. Whittaker,* 45 Ill.2d 491, 259 N.E.2d 787. These cases raise some doubt as

to whether or not *People v. Picard,* 284 Ill. 588, 120 N.E. 546, stands as a naked remnant of a by-gone age. The authorities here cited are mentioned by neither party in their respective briefs. The specificity insisted upon by the defendant is not required by our statutory definition of burglary nor is it jurisdictional where the property entered is readily identifiable by its business name. If the defendant had any curiosity about the precise ownership of this building, the ways and means for obtaining it were open to him. The precise description of the legal entity whose property he invaded serves no useful purpose in the protection of a constitutional or statutory right under the allegation of this complaint and to hold otherwise is to weave an unwarranted protective cloak for the guilty rather than a judiciously required instrumentality for the protection of the innocent.

Accordingly, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.