THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. PAUL C. "PODO" HILL, Defendant-Appellant.

(Nos. 11388, 11797 cons.;

Fourth District—March 7, 1973.

*Rehearing denied April 10, 1973.*

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Paul C. "Podo" Hill was convicted, on his plea of guilty, of the crimes of attempt murder, aggravated assault and aggravated battery. He was granted probation. The convictions were affirmed by this Court on direct appeal. (*People v. Hill*, 77 Ill.App.2d 463, 222 N.E.2d 555.) In his order admitting defendant to probation on October 25, 1965, the trial judge fixed the period of probation at five years, and as a condition directed that defendant serve six months in the Illinois State Farm at Vandalia. Bond was fixed in the sum of $2500 and *mittimus* was stayed until October 27, 1965. Defendant failed to surrender himself to service the six months sentence at Vandalia, failed to report to the Probation Officer, and in contravention of the probation order, fled the State of Illinois. A petition to Revoke Probation was filed.

Thereafter defendant was arrested in Tampa, Florida by Federal Authorities on a Federal Unlawful Flight Warrant, released on bond to secure his court appearance in that State but failed to appeal. A Petition for Interstate Rendition had been approved by the Governor of Illinois and Extradition Warrant secured from the Governor of Florida. On February 7, 1968, defendant was arrested on the Federal Warrant in Bartonville, Illinois, and he was then delivered to the Sheriff of Sangamon County.

Defendant was represented by appointed counsel and, after being properly admonished, confessed the allegations of the Petition to Revoke. The trial judge then heard evidence in aggravation and mitigation and sentenced defendant to an indeterminate term of 10 to 15 years in the penitentiary on March 11, 1969.

On November 14, 1969, defendant filed *pro se* a "Motion to Vacate Judgment, Under Ill. Rev. Stat. Ch. 110, Sec. 72." In this motion defendant attempted to argue evidence which, he claimed would have proven that he acted in self-defense in shooting the victim of the crime and other matters which were of no relevance in view of his plea of guilty. He also complained, in essence, that his convictions on all three charges was improper since each was based upon the same conduct. Counsel was appointed, hearing had on defendant's motion which was denied on February 10, 1970. Notice of appeal was filed and counsel appointed to prosecute the appeal.

On October 26, 1970, defendant filed, *pro se*, a Post-Conviction Petition. In the Post-Conviction Petition defendant again urges that he was improperly convicted on all three of the offenses charged and assigns, as reason for this contention, the same grounds urged in the Motion to Vacate. In addition, he argues that the Court "improperly considered evidence of defendant's acts in violating terms of his probation in pronouncing sentence."

In view of the fact that the Motion to Vacate and the Post-Conviction Petition present essentially identical issues, with the exception noted, the two appeals have been consolidated.

The State concedes that defendant's convictions for aggravated battery and aggravated assault should be reversed.

During the hearing in aggravation and mitigation evidence was submitted to the trial judge concerning other criminal activity of the defendant which apparently occurred after defendant's conviction in the instant case. These cases involved charges of bail bond jumping in the instant case, possession of dangerous drugs and bail bond jumping in the latter case. On the same day, March 11, 1969, defendant pleaded

guilty to each of these charges before the same judge who imposed sentence in this case. We do not know in what order this occurred. On the Possession of Dangerous Drugs charge, defendant was sentenced to six months incarceration to run concurrently with the 10 to 15 year sentence here complained of and to a one year sentence, (also concurrent, on the bail jumping charge in connection with the possession charge, and to 3 to 5 years, also concurrent, on the bail jumping charge in connection with the case here being reviewed.) All sentences were imposed following pleas of guilty. Certain other charges were dismissed. Defendant's record also discloses that he received a bad conduct discharge from the Navy, that he had served three years and two months in the penitentiary at Menard for involuntary manslaughter. In the instant case, defendant had shot a man during an argument in a bar. Counsel who represented defendant in the instant case on March 11, 1969, also represented him in all of the other cases which were disposed of on that date, testified that "all matters were to be clear and disposed of so that when Mr. Hill left the courtroom, there would be no other charges remaining against him."

The record is also clear that defendant's attorney had negotiated with the State's Attorney concerning disposition of all charges pending against him and that the State's Attorney was going to recommend the 10 to 15 year sentence which the Court, in fact, imposed. Defense counsel testified "I did not accept the prosecutor's recommendation, and argued against it, I never agreed to it. I told Mr. Hill what the recommendation would be, and explained to him that it could be greater or less, but he was aware of what the recommendation was." Defendant was possessed of this information prior to confessing the violation of the terms of his probation.

■■■ The Post-Conviction Act is limited to those errors which are of constitutional magnitude, and the statute providing for hearing in aggravation and mitigation does not confer any constitutional rights. (*People v. Wilbourn*, 48 Ill.2d 187, 190, 268 N.E.2d 418.) Contentions identical to those urged here were determined by the Supreme Court in *People v. Sluder*, 40 Ill.2d 559, 561, 240 N.E.2d 666, in the following language: "The dominant issue raised by the defendant is the propriety of the sentence imposed upon him which, he contends, was based upon serious crimes said to have been committed by him while he was on probation, rather than the offense to which he had pleaded guilty * * *. But the sentence imposed is within statutory limits prescribed for the offense to which defendant had pleaded guilty, and this issue does not involve a constitutional question."

We accept and approve the confession of error by the People and, accordingly, defendant's convictions for aggravated assault and aggravated battery are reversed. The conviction for attempt murder and the sentence imposed are affirmed.

Reversed in part, affirmed in part.

SMITH, P. J., and TRAPP, J., concur.