THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN VIAR, Defendant-Appellant.

(No. 11952;

Fourth District—May 9, 1973.

John F. McNichols, of Defender Project, of Springfield, for appellant.

No appearance for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

We have previously reviewed the conviction of this defendant. (131 Ill.App.2d 983, 268 N.E.2d 872.) The petitioner filed a *pro se* petition for writ of habeas corpus, counsel was appointed and a petition for post-conviction relief was filed. The State filed a motion to dismiss the petition and that motion was allowed. On this appeal, we consider the single question as to whether or not Supreme Court Rule 651(c) was followed.

Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)), states:

> "* * * The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions."

■■ Appellant's brief raised the single issue as to whether or not court-appointed counsel had complied with Supreme Court Rule 651(c) requiring him to examine the record of the petitioner's trial proceedings in the original suit for constitutional issues and to certify that he had done so. The State filed a motion in this court for leave to supplement the record.

■■ The defendant filed a reply to that motion consenting to its allowance by this court. It was allowed. The required certificate was filed and defense counsel then filed an *Anders* brief in conformity with *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, indicating that the issue originally raised is now moot and that there are no issues of merit indicated by a careful and conscientious examination of the record on appeal. We entered a rule on the defendant to file any suggestions that he might have within 60 days. None were filed. It appearing, therefore, that there is no meritorious issue involved in this proceeding, the action of the trial court was proper and its judgment is affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.