THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH GRIFFIN, Defendant-Appellant.

(Nos. 11589, 12025 cons.;

Fourth District—November 14, 1973.

*Rehearing denied February 8, 1974.*

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

Matthew A. Hutmacher, Assistant State's Attorney, of Quincy, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted of burglary in a jury trial. He appeals directly from the sentence imposed which was a term of 7 to 15 years. Joined herein is an appeal from a denial of post-conviction relief in which defendant petitioned to have the conviction set aside on the grounds his fourth amendment rights were compromised.

Defendant contends that the sentence he received was excessive, or in the alternative, that the sentence does not comport with the provisions of the Unified Code of Corrections. Also, that evidence seized from the trunk of a parked auto that was in defendant's possession was improperly admitted at the trial. In defendant's pro se brief, he submits that the indictment charging him with burglary was fatally insufficient. Based on the just averred errors defendant requests that his conviction be reversed outright or that his conviction be reversed and remanded for a new trial.

The burglary took place in the early morning hours of November 18, 1970. The items taken included several hundred dollars worth of checks,

a number of tape recorders, a small portable television set, and a large quantity of drugs. The bulk of these items were recovered that same morning as a result of a search and seizure of the automobile used in the burglary.

Around 5:45 A.M. on the 18th, officer LaTour was ordered to investigate an attempted break-in. En route to the scene he observed an individual who matched the description of a suspect involved in the attempted break-in. LaTour saw the suspect get out of a 1964 2-door yellow Chevrolet that was parked on the street in front of an apartment building. LaTour watched the suspect and several other subjects enter the apartment building. The officer drove one-and-one-half blocks south, made a U-turn, then proceeded back to the location of the parked car. At that time he saw four subjects exiting out of the doorway of the apartment building, one of whom was carrying a box. The individuals spotted LaTour and began to flee. The officer gave pursuit but was unable to apprehend any of them.

Thereafter he returned to the location of the yellow car. Upon investigation, he noticed that the keys were still in the ignition. When he opened the door of the driver's side he found a ten-dollar bill folded in a U-shape lying between the door and the front seat, and various other items strewn throughout the car. LaTour then took the keys from the ignition and went to the back of the car and proceeded to open the trunk. Upon opening the trunk he observed a large green plastic waste basket containing several bottles of drugs and medicines. Next to the waste basket was a grey overnight bag and a large suitcase, all containing various types of drugs. Consequently, the suspect's vehicle was brought to the police station and impounded.

At the Quincy city police garage, photographs were taken of the trunk, the items were inventoried and finally removed. At 8:52 A.M., on the morning of November 18, 1970, the break-in at the Quincy Clinic was reported to the authorities. It was at that time that the contents of the yellow Chevrolet were linked to the Quincy Clinic burglary. Subsequently, defendant and others were apprehended. After being arraigned, defendant pleaded not guilty to all charges.

Defendant filed a motion to suppress the evidence that was found as a result of LaTour's search. After a hearing on the motion, the trial court ruled that the evidence was admissible.

At trial, the State called a total of eleven witnesses. Four of these witnesses were granted immunity in exchange for their testimony. Mike Masterson, who had participated in the crime and plead guilty, was called by the State. At the time he testified he was awaiting the final disposition of his motion for probation. Defendant's girlfriend also testi-

fied for the State. She revealed that defendant made certain damaging admissions to her concerning his part in the burglary of "a clinic".

Masterson and the four individuals given immunity testified that the participants in the burglary left the apartment, where defendant lived, on the morning of November 18, 1970, about 3:30 A.M., and headed for the Quincy Clinic; that defendant and his accomplices returned from the clinic with various drugs. Defendant and others went back to the clinic the second time and returned with more drugs. These drugs were put in waste baskets and suitcases, then taken to the trunk of the yellow 2-door 1964 Chevrolet, which defendant had driven in the course of the burglary.

The jury returned a verdict finding the defendant guilty of burglary. After a hearing in aggravation and mitigation, the court imposed a sentence of 7 to 15 years. Defendant appeals, alleging that the sentence was excessive.

On August 26, 1971, defendant filed a pro se petition for post-conviction relief. The petition alleged that the evidence seized in the course of LaTour's search was improperly admitted at trial—the grounds being that the warrantless search and seizure amounted to deprivation of defendant's constitutional rights. After a hearing, the court denied defendant's petition. He appealed. This court consolidated the appeal from the post-conviction hearing with defendant's direct appeal.

Defendant's pro se brief asserts that the indictment charging him was deficient because it failed to recite all of the elements of the offense of burglary. Specifically, it did not contain the correct allegation of ownership. Consequently, "there was insufficient evidence presented so as to preclude similar further charges being brought against defendant." Furthermore, defendant asserts there was no evidence introduced to establish that "the Quincy Clinic Dispensary, Inc. suffered any loss for there was no ownership of the allegedly stolen items before the court other than that of the defendant. * * *" We find defendant's contentions to be without merit.

■■■ It is true that all the elements of an offense must be alleged in the indictment. The indictment must contain sufficient information to enable the accused to prepare for trial and plead a formal acquittal or conviction under an indictment as a bar against subsequent prosecution for the same offense. (*People v. Johnson,* 20 Ill.2d 336, 169 N.E.2d 776.) However, Illinois courts have put to rest the rigid insistence upon empty formalities as demanded by defendant's pro se brief. We have held that the statute defining burglary requires no allegation of ownership. (*People v. Viar,* 131 Ill.App.2d 983, 268 N.E.2d 872.) It is only necessary that an indictment for burglary contain some allegation as to possession or oc-

cupancy of the premises in someone other than the accused. *People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787.

■■ At trial it was established that the individuals named in the indictment were partners doing business as the Quincy Clinic and that they were in possession of the building known as Quincy Clinic. The fact that the partners individually did not own the building does not render this indictment void. The indictment was complete enough to enable the accused to prepare for trial and if necessary to plead a formal acquittal or conviction under the indictment as a bar to subsequent prosecution. It is also clear that the proof adduced at trial conformed to the indictment.

Defendant's next contention is that his motion to suppress the fruits of LaTour's search was improperly denied. We find that it is not necessary to discuss the possible constitutional infirmities attending the search and seizure in question, for even if it was error to use the purported tainted evidence, it was harmless error beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

■■ As a reviewing court, we must consider the character and quality of the purported tainted evidence in relation to the other evidence relating to the same issue and then appraise the possible impact the tainted evidence would have on a jury. (*People v. Black*, 52 Ill.2d 544, 288 N.E.2d 376.) In this case, four individuals, who had been at the apartment where defendant and his accomplices brought the items taken in the burglary, took the stand and testified that defendant had participated in the burglary of the Quincy Clinic. Their testimony was corroborated by Masterson, a coparticipant in the burglary, and by defendant's girlfriend. The evidence of guilt adduced at trial which was independent of the evidence acquired in the seizure was so overwhelming we conclude that use of the seized evidence could only constitute harmless error.

Defendant further contends that the testimony of the six witnesses above noted should also be excluded on the grounds that the authorities were only able to find these witnesses by virtue of the alleged illegal search and seizure of the 1964 yellow Chevrolet. Again, we cannot agree.

It is true that a witness discovered as the result of an unconstitutional search and seizure is not a competent witness to testify. (*People v. Armstrong*, 41 Ill.2d 390, 243 N.E.2d 825.) It cannot be said that witnesses in this case were discovered as a result of an unconstitutional search and seizure. We find these witnesses were discovered in the course of a lawfully conducted investigation.

Finally, we consider defendant's contention concerning his sentence. Defendant submits that his sentence is excessive. The sentence imposed upon defendant does not square with the sentencing provisions of the

360

Unified Code of Corrections which is applicable to this case. See *People v. Lobb,* 9 Ill.App.3d 650, 292 N.E.2d 750; *People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1.

■ ■ Defendant was convicted of burglary which is a Class 2 felony. The maximum term of imprisonment for a Class 2 felony is from 1 to 20 years (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b) (3)). The minimum term is 1 year, or one-third of the maximum term set by the court when the sentencing judge deems a higher sentence appropriate due to "* * * the nature and circumstances of the offense and the history and character of the defendant * * *" (ch. 38, par. 1005—8—1(c) (3)). In this case, defendant was sentenced to a term of 7 to 15 years. The minimum term does not correspond with chapter 38, paragraph 1005—8—1(c) (3), of the Unified Code of Corrections. A majority of the court concludes that this court should modify the sentence by reducing the minimum to 5 years. The view of the writer is set forth in a dissenting opinion in *People v. Dailey* (1973), 15 Ill.App.3d 214, 304 N.E.2d 156.

The judgment is affirmed, the sentence modified to a term of not less than 5 nor more than 15 years, and this cause is remanded to the circuit court of Adams County for the issuance of an amended mittimus.

Affirmed, sentence modified, and remanded with directions.

SIMKINS and TRAPP, JJ., concur.