THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER RIFE, Defendant-Appellant.

(No. 12086;

Fourth District—April 18, 1974.

John F. McNichols, Public Defender, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Walter Rife was found guilty of burglary and theft after a jury trial. He was sentenced to 20 to 50 years in the penitentiary on the burglary count and here appeals from the dismissal of his post-conviction petition.

On June 24, 1969, an Adams County grand jury returned an indictment charging the defendant with committing a burglary and theft on April 16, 1969. The burglary indictment alleged that the defendant "committed the offense of Burglary in that he, without authority, knowingly entered a vehicle of Adams Electrical Co-op, an Illinois corporation, with intent

to commit therein a theft, in violation of the Criminal Code of 1961, Section 19—1." On July 14, 1969, the defendant appeared before the court with counsel and pleaded not guilty. During September 1969 defendant's counsel appeared at a series of hearings on several motions previously filed. The defendant failed to appear personally and defense counsel asked for a continuance, stating that he had been unable to contact the defendant since September 3, 1969. On September 22, 1969, the cause came on for trial before a jury, and when the defendant again failed to appear, his bond was ordered forfeited, and a bench warrant was issued for the defendant's arrest after his brother and wife testified that they had no contact with the defendant during the month of September.

On April 6, 1970, the cause was transferred to the inactive calendar, and on May 15, 1970, the State's Attorney filed a petition for a writ of *habeas corpus ad prosequendum* directed to the warden of a Federal institution in Texas, where the defendant was incarcerated.

The defendant was present and testified in his own behalf at the trial held on June 11, 12, and 13, 1970, at the conclusion of which the jury returned verdicts of guilty to both burglary and theft. On June 13, 1970, judgment was entered on the guilty verdicts, a hearing in aggravation and mitigation was set for July 14, and the defendant was remanded to the custody of the Federal marshal to be held in the Quincy city jail. When the State's Attorney and defense counsel appeared on July 14, 1970, the court took judicial notice that the defendant had absented himself from jail and continued the hearing in aggravation and mitigation to August 3, 1970. On August 3, 1970 the court heard the State's application for judgment on bail bond and entered a judgment for the People in the amount of $6000 and costs against the defendant. Defendant did not appear on September 8, 1970, and on September 9 notice was sent to defendant to appear for sentencing. The defendant still did not appear on September 21, 1970, and at that time, after hearing defense counsel's arguments in mitigation as to the circumstances of the instant offense as well as to the lack of violence or threat to personal safety shown by the defendant's past record which was concededly extensive, the defendant was sentenced to 20 to 50 years on the burglary conviction.

Almost 1 year later, during August 1971, the defendant contacted the clerk of the Adams County circuit court by mail from the Federal penitentiary in Leavenworth, Kansas, requesting a complete record of all the proceedings in the case there for the purpose of his *pro se* appeal stating that he did not wish counsel to be appointed.

On January 31, 1972, the defendant filed a *pro se* post-conviction motion alleging that his constitutional right to a speedy trial had been

denied in that the Adams County State's Attorney had learned that the defendant was incarcerated in Texas shortly after the defendant's arrest by Federal authorities after his indictment in Illinois in June 1969, and that the State's Attorney could and should have promptly caused him to be brought back to Illinois for trial instead of waiting for approximately 1 year. On May 3, 1972, a hearing was held on the above motion at which the defendant was found to be indigent, counsel was appointed, and a hearing set for June 5, 1972. Following several continuances, on August 21, 1972, appointed counsel filed an amended petition for post-conviction relief, which refined the grounds alleged by the *pro se* petition: that the defendant was denied rights secured by both the Illinois and the Federal constitution by reason that he was arrested on April 16, 1969, but was not brought to trial on the charge until June 11, 1970, which was a period greater than the 120-day period provided by Illinois statute for bringing a defendant to trial; and further that on September 23, 1969, the defendant was arrested in the State of Colorado, and from that time on was available for trial, but was not brought to trial until June 11, 1970, a period also in excess of the 120-day statutory period. On August 22, 1972, the State's Attorney filed a motion to dismiss the post-conviction motion on the grounds that the defendant did not move to dismiss the indictment prior to or during the trial, nor did he raise the issue in any post-trial motion, and therefore the defendant had waived any possible error as to his right to a trial within 120 days of incarceration. On September 1, 1972, the motion to dismiss defendant's post-conviction petition was granted after arguments were heard.

Three issues are raised in this appeal from the dismissal of the amended post-conviction petition: (1) that the burglary indictment in the instant case was defective in that reference was made to the entry of a vehicle rather than a motor vehicle, and thus an essential element of the offense was not alleged; (2) the defendant's right to be present at all stages of the proceedings against him was violated by his being sentenced *in absentia;* and (3) the propriety of the 20- to 50-year sentence on the burglary conviction.

Section 111—3 of the Code of Criminal Procedure states that a charge shall be in writing and allege the commission of an offense by stating the name of the offense, citing the statutory provision alleged to have been violated, setting out the nature and elements of the offense, and specifying the date and county of the offense as well as possible. (Ill. Rev. Stat. 1969, ch. 38, par. 111—3(a).) The burglary indictment in the instant case set out the date and location at which the defendant was charged with committing the offense of burglary in that he, without authority, knowingly entered a vehicle of Adams Electrical Co-op with the

intent to commit a theft in violation of the Criminal Code, section 19—1. The Criminal Code provides that: "A person commits burglary when without authority he knowingly enters * * * a motor vehicle as defined in the Illinois Motor Vehicle Law * * *." (Ill. Rev. Stat. 1969, ch. 38, par. 19—1(a).) The Motor Vehicle Code defines vehicles which are self-propelled, but not operated on rails, as motor vehicles. (Ill. Rev. Stat. 1969, ch. 95½, par. 1—146.) Elsewhere in the statutes, vehicles are said to be every device in, upon, or by which persons or property may be transported or drawn upon a highway, except those moved by human power or operated exclusively on stationary rails or tracks. (Ill. Rev. Stat. 1969, ch. 95½, par. 1—217.) Therefore, the defendant contends that the indictment in the instant case was fatally defective by failing to allege an essential element of the offense of burglary in that "vehicles" is a broader term than "motor vehicles" which the burglary statute specifically includes as an object capable of being burglarized.

■■ An indictment charging an offense defined by statute should be as fully descriptive of the offense as the language of the statute, and should allege all the substantial elements of the offense. (*People v. Martin*, 62 Ill.App.2d 97, 210 N.E.2d 587.) The charge need not contain the precise statutory language, and where the statute clearly defines the offense an indictment charging the offense substantially in the language of the statute is sufficient. (*People v. Donaldson*, 341 Ill. 369, 173 N.E. 357.) On the other hand, an indictment must allege all the facts necessary to constitute the crime charge (*People v. Vraniak*, 5 Ill.2d 384, 125 N.E.2d 513), and likewise an indictment alleging facts not constituting the offense is insufficient. *People v. Barnes*, 314 Ill. 140, 145 N.E. 391.

■■ The purpose of an indictment is to apprise a defendant of the exact crime with which he is charged, so that he may prepare his defense and plead the judgment in bar of a subsequent prosecution for the same offense. (*People v. Grieco*, 44 Ill.2d 407, 255 N.E.2d 897.) The defendant does not seriously contend that the indictment here failed to fulfill the above requirements, but rather that since the burglary statute refers to motor vehicles as defined in the Motor Vehicle Code as one of the objects which, if entered without authority with the specified intent, the use of the word vehicle failed to charge the offense of burglary at all—there being a definition of that broader term elsewhere in the statute. A void indictment confers no jurisdiction on the trial court. *People ex rel. Kelley v. Frye*, 41 Ill.2d 287, 242 N.E.2d 261.

■■ The defendant cites several cases involving driving while intoxicated, where the indictment omitted the words "while under the influence of alcohol." In such cases the intoxicated condition of the accused

is the essence of the offense, so failing to charge it is distinguishable from the instant case where the state of mind and every action of the defendant is charged, the alleged defect being to the specificity of the object entered. Most of the cases finding a burglary indictment defective, as the defendant seeks here, are those where entry of a building which is more or less well identified, is charged with failure to allege ownership or occupancy of another. That defect arguably prejudices the accused in two ways: by not precisely identifying the building involved since several buildings may have a common name thereby hindering preparation of a defense and pleading in bar, and also it is necessary for the offense of burglary that the defendant not have a right to be in the building involved so the owner or occupant should be alleged as an element of the offense to show a lack of possessory authority in the accused. The defect in the instant case is much more formal. The owner of the vehicle and its location are alleged and the defendant shows no prejudice by the omission of the word "motor". The reference to the named statute clearly showed that the defendant was being charged with a burglary of a vehicle within paragraph 19—1, which specifically refers to motor vehicle as defined in chapter 95½. Therefore, under all of the circumstances, this charge was sufficient to serve the purposes of an indictment and the defendant shows no prejudice from its alleged flaw. (*People v. Viar,* 131 Ill.App.2d 983, 268 N.E.2d 872.) Whether these objectives are met must be determined by the substance of the charge rather than by the technicalities of the language. *People v. Dzielski,* 130 Ill.App.2d 581, 264 N.E.2d 426.

■■ Having escaped from the Quincy jail on June 30, 1970, following his conviction on June 13, 1970, the defendant was not present when sentence was entered on September 21, 1970. This issue was raised for the first time in a supplemental brief filed on this appeal of the dismissal of the amended post-conviction petition. Especially under these circumstances, where sentencing in absentia contributed to the lack of a direct appeal, we agree that whether the defendant validly waived his right to be present at sentencing is a constitutional question involving fundamental fairness which, pursuant to Supreme Court Rule 615, should be considered by this court. Ill. Rev. Stat. 1969, ch. 110A, par. 615; *People v. Brown,* 52 Ill.2d 227, 287 N.E.2d 663.

■■ The Illinois Constitution expressly assures every person accused of a crime the right to be personally present at every stage of the trial, from the arraignment to the final sentence. (Illinois Constitution 1970, art. I, sec. 8.) The defendant has the right to be present at every stage and a right to participate in his own defense. (*People v. Kirilenko,* 1 Ill.2d 90, 115 N.E.2d 297.) The right to be present at all stages of the trial may

be waived (*People v. Allen*, 37 Ill.2d 167, 226 N.E.2d 1), and unless voluntarily waived by the defendant himself, not only does he have the right to be present, but his presence is essential. *People v. Davis*, 39 Ill.2d 325, 235 N.E.2d 634.

■■ However, a defendant may not prevent his trial by voluntarily absenting himself therefrom, and the defendant in a criminal case has a duty to present himself when his case is reached on the jury trial calendar. If a defendant voluntarily absents himself from the courtroom after the trial begins, it is uniformly held to be a waiver of his right to be present, leaving the court free to proceed. (*People v. Steenbergen*, 31 Ill.2d 615, 203 N.E.2d 404.) In *People v. Davis*, the court distinguished *Steenbergen* by noting that in that case the defendant was present when the trial commenced and then later absented himself, but "[w]e have not, however, been referred to, nor has our research revealed, a single case in which a reviewing court has sustained the felony conviction of a defendant whose entire trial occurred in his absence." 39 Ill.2d at 330.

■■ The supreme court has made it clear that before a waiver of the right to be present at a proceeding against him will be found by the mere absence of an accused, it must be clear that such absence is voluntary and willful. (*People v. Smith*, 6 Ill.2d 414, 129 N.E.2d 164.) The supreme court recognized that the defendant's constitutional right to be present at every step taken in his case may be waived, and where he voluntarily absents himself from the courtroom at the moment a verdict is rendered, or runs away from the courtroom after he learns of the verdict and refuses to return for sentencing or further proceedings, he is deemed to have made such a waiver. However, in *Smith* the defendant had been present at all times during his trial until the State rested, then several continuances were had, after which a final hearing was held at which the defendant was not present. In the absence of the defendant the court heard testimony of the witnesses, found the defendant guilty, and sentenced him in absentia. The supreme court held that such a failure to appear for sentencing, in the absence of some explanation, would not be presumed voluntary and willful and where a record fails to disclose the reasons for defendant's absence, he will not be deemed to have waived his right to be present.

The defendant makes a well-documented and appealing argument for the proposition that it is a fundamental element of our criminal system for the defendant to be present when sentence is imposed and that one's absence because of escape, although voluntary, is not an intentional relinquishment of a known right such as to be a valid waiver of that right. This is buttressed by the argument that the State loses nothing by postponing sentencing since the conviction has been entered, and the

defendant would not begin serving his sentence until recaptured in any event. The defendant extensively reviews the rules in various states and the Federal jurisdiction where sentence may not be imposed when the defendant is absent for any reason including his escape from custody. However, those jurisdictions noted have legislative requirements for presence at sentencing, whereas in Illinois the long-standing case law to the effect that the defendant waives his constitutional right to be present at sentencing by running away after he learns of the verdict has never been altered by the legislature. (*People v. Weinstein*, 298 Ill. 264, 131 N.E. 631.) In fact a statute enacted in 1971 provides that:

> "In any criminal trial, where a defendant after his trial commences willfully absents himself from court for a period of two successive court days, the court shall proceed with the trial. The absence of such defendant shall not operate as a bar to concluding the trial, to a judgment of conviction resulting therefrom, or to a final disposition of the trial in favor of the defendant." (Ill. Rev. Stat. 1971, ch. 38, par. 115—4.1, effective September 2, 1971.)

In the instant case the 42-year-old defendant was present during his trial and testified in his own behalf and his subsequent voluntary escape from the Quincy municipal jail constituted a waiver of his right to be present at sentencing.

■■ As a corollary to this issue, the defendant contends that by sentencing him in absentia the court also prevented him from having an effective hearing in aggravation and mitigation, and also in effect, denied him of the right to appeal. However, section 1—7 of the Criminal Code (now section 1005—4—1), providing for a pre-sentence hearing in aggravation and mitigation, is not constitutionally required; does not confer constitutional rights and cannot be a basis for relief under the Post-Conviction Hearing Act. (*People v. Wade*, 47 Ill.2d 38, 264 N.E.2d 207.) Likewise, the right to appeal in criminal cases is not per se of constitutional dimension. (*People v. Baze*, 43 Ill.2d 298, 253 N.E.2d 392.) That case went on to note that recent decisions of the United States Supreme Court do reflect a concern with providing any defendant who so desires a full appellate review of his conviction and exceptional circumstances may warrant inquiry into whether the defendant was improperly denied a right to appeal. *People v. Brown*, 39 Ill.2d 307, 235 N.E.2d 562.

■■ At the time defendant was sentenced to 20 to 50 years on the burglary conviction, the trial judge noted the defendant's extensive criminal record extending back to 1944 and commented on the defendant's escape following the conviction resulting in his absence at that

time. Defendant's counsel in mitigation argued that although the defendant had a long criminal record, none of those offenses nor the instant burglary involved any personal injuries or violence. At the time of sentencing the Criminal Code provided that a person convicted of burglary could be imprisoned for any indeterminate term with a minimum of not less than 1 year. (Ill. Rev. Stat. 1969, ch. 38, par. 19—1(b).) The defendant argues that this court should reduce his sentence to be in conformance with the new Unified Code of Corrections. Burglary is now a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1(b)) for which the sentence may be from 1 to 20 years (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(3)) with the minimum no greater than one-third the maximum. (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1 (c)(3).) The Unified Code of Corrections provides that if an offense has not reached the sentencing stage or a final adjudication, the new penalty should apply. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.) However, a proceeding under the Post-Conviction Hearing Act is not an appeal, but is a new proceeding providing an original and independent remedy to consider constitutional claims which have not already been adjudicated. (*People v. Vail*, 46 Ill.2d 589, 264 N.E.2d 201.) This court may not modify sentences which are in excess of the new Unified Code of Corrections on an appeal from the denial of a post-conviction petition. *People v. Null*, 13 Ill.App.3d 60, 299 N.E.2d 792.

■■ It appears that the only way this court could act on the sentence issue would be to find that the 20- to-50-year sentence imposed was so excessive as to be cruel and unusual punishment for the offense of burglary and perhaps in conflict with the 1970 constitutional mandate (art. I, sec. 11) that sentences be set with the objective of restoring the offender to useful citizenship as well as according to the seriousness of the offense, thus raising a constitutional question requiring a post-conviction hearing. However, where the sentence imposed is within the statutory limits prescribed for the offense of which the defendant is convicted, the issue of sentence excessiveness does not involve a constitutional question. *People v. Sluder*, 40 Ill.2d 559, 240 N.E.2d 666.

Therefore the conviction of burglary and the sentence imposed thereon will be affirmed.

Affirmed.

SMITH, P. J., and KUNCE, J., concur.