NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190524-U

NO. 4-19-0524

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ISAAC L. MOORE, | ) | No. 15CF1451 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel is granted, and the trial court's dismissal of
defendant's *pro se* postconviction petition is affirmed.

¶ 2    Defendant, Isaac L. Moore, appeals the trial court's first-stage dismissal of his

*pro se* postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) was

appointed to represent defendant. OSAD has filed a motion to withdraw as defendant's appellate

counsel, arguing defendant's appeal presents no potentially meritorious issues for review. We

grant OSAD's motion and affirm the court's summary dismissal of defendant's postconviction

petition.

¶ 3                                I. BACKGROUND

¶ 4    On October 6, 2015, the State charged defendant with unlawful possession of a

controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2014)). Several months later, defendant entered a guilty plea.

¶ 5        During defendant's plea hearing, the State informed the trial court that, in exchange for defendant's guilty plea, it agreed to, among other things, dismiss pending charges against defendant in a separate case and cap its sentence recommendation at 20 years' imprisonment. The court admonished defendant that unlawful possession of a controlled substance with intent to deliver was a Class 1 felony, which normally carried a prison term of between 4 years and 15 years, but because he was eligible for extended term sentencing, he faced a sentence of up to 30 years. Defendant indicated he understood the potential penalties as well as the charge against him and the rights he was giving up by pleading guilty. Defendant further indicated he understood the terms of his plea agreement with the State and he was entering his plea voluntarily. The State provided a factual basis in support of defendant's guilty plea. At the end of the proceeding, the court accepted defendant's plea, finding it was "knowingly, understandingly, and voluntarily made." The court also ordered that a presentence investigation report be prepared.

¶ 6        In September 2016, the trial court conducted defendant's sentencing hearing. At the beginning of the hearing, the court noted it had reviewed the presentence investigation report. In response to the court's inquiry, neither the prosecutor nor defense counsel identified any corrections to the presentence investigation report. Later during the hearing, both parties presented witness testimony, and defendant spoke in allocution. After the presentation of evidence, the State requested the court impose a 20-year prison sentence, and defense counsel requested a 6-year sentence. Prior to issuing defendant's sentence, the court stated it had considered, among other things, the "relevant statutory factors," including "the nature and circumstances of the offense" and the "history and rehabilitative potential of the [d]efendant." The court ultimately sentenced

- 2 -

defendant to 15 years' imprisonment, stating it "d[id]n't believe that the extended term [was] required here given the fact this young man has never gone to prison and given the mitigation that is presented in the record." Defendant did not file a motion to reduce his sentence or a motion to withdraw his plea, and he did not file a direct appeal.

¶ 7 On May 24, 2019, defendant *pro se* filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). In his petition, defendant alleged his sentence was unconstitutionally disproportionate compared to "other sentences for the same conduct" and to the seriousness of his offense. Defendant also alleged his sentence was excessive based on the mitigating evidence and aggravating evidence presented and "illegally enhanced on the basis of prior convictions which were unconstitutional."

¶ 8 On June 21, 2019, the trial court entered a written order dismissing defendant's postconviction petition, finding defendant's claims were "frivolous and patently without merit." The court's order further stated: "Pursuant to 705 ILCS 105/27.9(a) and 735 ILCS 5/22-105, filing fees and actual court costs are not waived, and [defendant] is ordered to pay filing fees and court costs in the amount of $40.00 to the Circuit Clerk of Champaign County."

¶ 9 This appeal followed.

¶ 10 As stated, OSAD was appointed to represent defendant on appeal. In October 2020, it filed a motion to withdraw as appellate counsel, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD attached a memorandum of law in support of its motion, explaining the claims raised by defendant in his postconviction petition were "procedurally defaulted and meritless." Defendant was provided notice of OSAD's motion.

¶ 11 In November 2020, defendant filed a response to OSAD's motion. In his response, defendant did not contest his appellate attorney's motion or argue in support of the claims in his

postconviction petition. Instead, defendant stated the trial court had improperly ordered him to "pay $4,000 because [he] filed [his] post[ ]conviction frivolous with no merit."

¶ 12    Following our review of the record, we grant OSAD's motion and affirm the trial court's judgment.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, OSAD filed both a motion to withdraw as appellate counsel and an accompanying memorandum of law in support of the motion. In its filings, OSAD argues it should be allowed to withdraw as appellate counsel because "there is no arguable merit to any issue in [defendant's] appeal from the circuit court's summary dismissal of his post[ ]conviction petition." We agree.

¶ 15    "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763 (citing 725 ILCS 5/122-1(a) (West 2014)). A defendant initiates a postconviction proceeding under the Act by filing a petition for relief in the trial court. 725 ILCS 5/122-1(b) (West 2018). After a postconviction petition is filed, it undergoes a three-stage adjudicatory process. *People v. Harris*, 224 Ill. 2d 115, 125, 862 N.E.2d 960, 967 (2007).

¶ 16    At the first stage of postconviction proceedings, the trial court must, "within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether the petition is frivolous or is patently without merit." (Internal quotation marks omitted.) *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208-09 (2009). A petition may be dismissed as frivolous or patently without merit during the first stage of postconviction proceedings "only if the petition has no arguable basis either in law or in fact." *Id.* at 12. "A petition

lacks an arguable basis in law when it is grounded in an indisputably meritless legal theory, for example, a legal theory which is completely contradicted by the record." (Internal quotation marks omitted.) *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). "A petition lacks an arguable basis in fact when it is based on a fanciful factual allegation, which includes allegations that are fantastic or delusional or belied by the record." (Internal quotation marks omitted.) *Id.* If the court determines the defendant's petition is frivolous or patently without merit, it must issue a written order dismissing the petition and specifying its findings of fact and its conclusions of law made in reaching its decision. 725 ILCS 5/122-2.1(a)(2) (West 2018).

¶ 17        We review the trial court's first-stage dismissal of a defendant's postconviction petition *de novo*. *Buffer*, 2019 IL 122327, ¶ 12.

¶ 18        OSAD correctly argues the trial court complied with the Act's procedural requirements in dismissing defendant's postconviction petition. Defendant's petition was filed on May 24, 2019, and the court dismissed the petition on June 21, 2019, well within the 90-day period set forth in the Act. See 725 ILCS 5/122-2.1(a)(2) (West 2018). Additionally, the court dismissed defendant's petition in a written order detailing its findings of fact and its conclusions of law, as required under section 122-2.1(a)(2) of the Act. *Id.*

¶ 19        OSAD also correctly argues no colorable argument can be made that the trial court erred in dismissing defendant's petition as frivolous and patently without merit because defendant forfeited any challenge to his sentence. Plea agreements are governed by contract law principles, which prohibit a party to a contract from unilaterally modifying the terms of his agreement. *People v. Evans*, 174 Ill. 2d 320, 326-27, 673 N.E.2d 244, 247-48 (1996). "By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *People v. Linder*, 186

Ill. 2d 67, 74, 708 N.E.2d 1169, 1172 (1999). Applying these principles, our supreme court has determined that, where the sentence imposed by the trial court is within the agreed-upon cap, "allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Id.* Accordingly, "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the *status quo*." *Evans*, 174 Ill. 2d at 332.

¶ 20        In the present case, defendant entered a negotiated guilty plea. Defendant pleaded guilty to the charge of unlawful possession of a controlled substance with the intent to deliver, and in exchange, the State dismissed other charges pending against him and agreed not to seek a sentence in excess of 20 years' imprisonment, which was 10 years less than the maximum sentence the trial court could have imposed. The court accepted the parties' agreement and sentenced defendant to a term of imprisonment that was within the agreed-upon cap. After entry of the court's sentencing judgment, defendant did not move to withdraw his plea, nor did he challenge his guilty plea in his postconviction petition. As a result, under *Evans* and *Linder*, defendant has forfeited any challenge to his sentence.

¶ 21        Even if defendant had not forfeited his claims, we note defendant's contention challenging his sentence as excessive based on the mitigating evidence and aggravating evidence presented is not a constitutional claim warranting postconviction relief. As indicated above, postconviction proceedings under the Act are only appropriate to address violations of a defendant's constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2018). "[W]here the sentence imposed is within the statutory limits prescribed for the offense of which the defendant is

convicted, the issue of sentence excessiveness does not involve a constitutional question." *People v. Rife*, 18 Ill. App. 3d 602, 610, 310 N.E.2d 179, 186 (1974). For this reason, "[t]he alleged excessiveness of a sentence that is within statutory limits does not create a constitutional issue that may serve as the basis for postconviction relief." *People v. Rademacher*, 2016 IL App (3d) 130881, ¶ 37, 59 N.E.3d 12; see also *People v. Ballinger*, 53 Ill. 2d 388, 390, 292 N.E.2d 400, 401 (1973). Unlawful possession of a controlled substance with the intent to deliver is a Class 1 felony offense which carries a prison sentence between 4 and 15 years. 720 ILCS 570/401(c)(2) (West 2014); 730 ILCS 5/5-4.5-30(a) (West 2014). As a result of a prior conviction, defendant was eligible for an extended sentence of up to 30 years' imprisonment. 730 ILCS 5/5-5-3.2(b)(1) (West 2014); 730 ILCS 5/5-8-2 (West 2014). Defendant's 15-year prison sentence was within the statutory range. Therefore, defendant's excessive sentence claim did not raise a constitutional question and could not be raised in a postconviction petition under the Act.

¶ 22 Additionally, defendant's claim that his sentence was "illegally enhanced on the basis of prior convictions which were unconstitutional" is rebutted by the record. The court did not impose an extended term sentence; indeed, the court explicitly stated it "d[id]n't believe that the extended term [was] required here." Instead, the court sentenced defendant to 15-years' imprisonment, which as indicated above, was the maximum non-extended sentence permitted for a Class 1 felony offense.

¶ 23 In his response to OSAD's motion to withdraw, defendant argued the trial court erred in ordering him to pay a $4000 fee after dismissing his postconviction petition. The State argues this issue is not properly before us because, as our supreme court has held, "issues not contained in a dismissed postconviction petition cannot be raised for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 507, 821 N.E.2d 1093, 1098 (2004). However, even assuming

forfeiture applies in this case, we note defendant's argument is clearly based on a misreading of the court's order. The record demonstrates the court did not impose a $4000 fee, but instead properly ordered defendant to pay $40 in filing fees and court costs after finding his postconviction petition was frivolous. See 705 ILCS 105/27.9 (West 2018).

¶ 24 In conclusion, we agree with OSAD's determination that no meritorious argument can be raised on defendant's behalf on appeal, and we grant OSAD leave to withdraw as defendant's appellate counsel. However, in closing, we note OSAD's reliance on *Pennsylvania v. Finley*, 481 U.S. 551 (1987), in support of its motion to withdraw was misplaced. As this court recently explained, *Finley* does not govern an appellate counsel's motion to withdraw where, as here, the defendant is appealing from a dismissal of his postconviction petition. See *People v. White*, 2020 IL App (4th) 160793, ¶¶ 42-49, 153 N.E.3d 1084 ("*Finley* does not address the actions counsel must take when moving to withdraw as counsel in a postconviction appeal.").

¶ 25                                                 III. CONCLUSION

¶ 26 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 27 Affirmed.