THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK ETHERIDGE, Defendant-Appellant.

Third District No. 75-177

Opinion filed February 19, 1976.

David J. Mason, of Aledo, for appellant.

John D. Sloan, State's Attorney, of Aledo (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Jack Etheridge appeals from the conviction and the ensuing sentence in the Circuit Court of Mercer County on the charge of

resisting arrest. Defendant was sentenced to serve a term of 6 months', imprisonment at the Illinois State Farm.

On appeal in this court defendant contends that the sentencing hearing was improperly conducted since he was not notified nor was he present at the hearing (although his lawyer was present), and that unsubstantiated and prejudicial information was presented to the trial court and, also, that the court failed to consider the nature of the offense and the attending circumstances.

Defendant was a patron of a tavern known as "Hap's Pride-N-Joy" in Joy, Illinois. Defendant and a number of other customers had gathered at the tavern in response to an advertisement that a go-go girl would be dancing in the tavern that night. No go-go girl was present. Shortly after 11 p.m., the owner of the tavern, Harold Garrett, arrived and defendant and Garrett got into a heated discussion concerning what defendant believed to be false advertising on the part of Garrett. Defendant apparently made a threatening motion with his fist although he said he did not strike Garrett. Garrett called the Mercer County sheriff's office and reported that defendant had struck him. Two deputies arrived in response to Garrett's call. Defendant denied any wrongdoing and resisted the deputies when they arrested him for disorderly conduct. Versions of what happened outside the tavern varied, but apparently defendant attempted to kick one of the deputies and fell to the ground and hit his head. He was taken to the Mercer County Jail, and, thereafter, was hospitalized for treatment of a skull fracture, concussion and hearing loss.

In the jury trial defendant was found guilty of resisting arrest. A sentencing hearing was held on March 31, 1975. So far as the record discloses no notice was given to defendant of such hearing. Defendant was not present at the hearing, although as we have noted, his counsel was present. At the hearing the State's Attorney reviewed defendant's past record and mentioned convictions for larceny, driving with a suspended license, theft, criminal damage to property and violation of the Dead Animal Act. The State's Attorney also mentioned a charge of battery · in 1965 which was not prosecuted and a charge of cruelty to children which was reduced to a negotiated plea of battery and a 1974 charge of cruelty to children for which defendant was released on bond.

■■  Defendant does not appeal his conviction as such, but alleges rather that several errors were made at his sentencing hearing. It is not necessary, however, that we discuss such errors which will probably not recur in the sentencing to be conducted upon remand. As we have noted from the record, defendant was not present and no notice of the sentencing hearing was given to defendant. Under the Illinois Constitution, every person accused of a crime has a right to be personally present at

every stage of the trial from the arraignment to final sentence. (Ill. Const. 1970, art. I, §8; *People v. Rife* (4th Dist. 1974), 18 Ill. App. 3d 602, 310 N.E.2d 179.) The circumstance that defendant's attorney was present does not cure the error since his attorney does not have power to waive defendant's right to be present (*People v. McGrane* (1929), 336 Ill. 404, 168 N.E. 321; *People v. Smith* (1955), 6 Ill. 2d 414, 129 N.E.2d 164). The appellee in this case recognizes that the record does not show that defendant was notified of the hearing and consequently the People concede the merits of defendant's position. (See *People v. Connors* (1952), 413 Ill. 386, 108 N.E.2d 774.) The appellee, therefore, joins in the request that the cause be remanded to the trial court for sentencing.

The sentence imposed in this case is vacated and this cause is remanded to the Circuit Court of Mercer County for the sole purpose of conducting a sentence hearing and to impose sentence in this cause thereafter.

Sentence vacated and cause remanded for resentencing.

STOUDER and BARRY, JJ., concur.