THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME DAVIS, Defendant-Appellant.

First District (3rd Division)    No. 77-1620

Opinion filed March 14, 1979.

Steven B. Muslin, of Muslin & Weiner, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and Alan D. Lyons, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 through par. 122—7), petitioner, Jerome Davis, appeals from the denial of post-conviction relief. Petitioner contends that the denial of his petition was error since he was denied due process of law by being tried *in absentia*. The pertinent facts are as follows.

William Jones and petitioner each were charged with two counts of armed robbery. On February 18, 1975, both appeared with their attorneys before Judge Philip Romiti and answered ready for trial. Petitioner waived a jury trial while Jones elected to be tried by a jury. The trial judge engaged petitioner in an extended colloquy concerning his right to a jury trial and whether he understood the charges against him. The trial court denied Jones's motion for a severance and decided to conduct both trials simultaneously.

Petitioner and Jones and their attorneys were introduced to a group of prospective jurors. The indictments against both men were read. The court informed the prospective jurors that they would hear the case against Jones while the court would hear petitioner's trial. This information was given in language approved by both attorneys. A list of potential witnesses was read, and the court admonished the jurors concerning their role. The court conducted the *voir dire*. During jury selection, the court granted petitioner's request to be excused from attendance; the court instructed petitioner and his counsel to return the following morning. Jury selection for Jones was completed and his trial also was continued until the following day.

On February 19, 1975, petitioner's counsel informed the court that petitioner was absent and that petitioner's mother had told him petitioner was ill. Petitioner's counsel and the prosecutors, accompanied by police officers, went to petitioner's home to bring him to court, but were unable to find him. The trial court forfeited petitioner's bond, issued a warrant for his arrest, and continued the matter for a day. On February 20, petitioner's counsel stated he was unaware of petitioner's whereabouts and requested a continuance. Over the State's objection, the court continued both trials until February 24. On February 24, 1975, the trial court ruled that trial had commenced and that petitioner had waived his right to be present under the statute. (Ill. Rev. Stat. 1975, ch. 38, par. 115.41.) The trial court denied the motion of petitioner's counsel to withdraw, and counsel was present throughout the trial.

Two police officers testified at trial that they responded to an armed robbery call and apprehended petitioner and Jones leaving an apartment of an elderly couple who had just been robbed. The officers found items from the apartment on petitioner's person and one of the victims identified petitioner to the police. The trial court found petitioner *in absentia* guilty of both counts of armed robbery and, on May 20, 1975, imposed concurrent terms of 8 to 24 years. On October 30, 1976, petitioner was apprehended and was brought before Judge Romiti. Petitioner and his present counsel filed a motion for leave to file late notice of appeal but were advised that a notice of appeal had been filed by petitioner's trial counsel and had been dismissed for inaction. Petitioner sought to reinstate that appeal or for leave to file a late notice of appeal. This court denied both motions. Thereafter, petitioner sought post-conviction relief in the trial court. After hearings before Judge R. Eugene Pincham, on May 10, 1977, the trial court dismissed petitioner's request for post-conviction relief.

■■ ■ Petitioner contends that since no witnesses were sworn in and no evidence presented, his trial had not commenced under section 115—4.1 of the Illinois statute. (Ill. Rev. Stat. 1975, ch. 38, par. 115—4.1.) He also maintains that conducting the trial in his absence deprived him of his constitutional right to be present at all stages of his trial. We believe that both issues can be discussed simultaneously. Section 115—4.1 of the statute provides in relevant part:

> "In any criminal trial, where a defendant after his trial commences willfully absents himself from court for a period of 2 successive court days, the court shall proceed with the trial. The absence of such defendant shall not operate as a bar to concluding the trial, to a judgment of conviction resulting therefrom, or to a final disposition of the trial in favor of the defendant. * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 115—4.1.)

A criminal trial of a defendant conducted in his absence is not favored by the courts and a trial court should be loath to permit a trial to proceed in defendant's absence, even where the trial has commenced. (*People v. Summers* (1973), 12 Ill. App. 3d 893, 299 N.E.2d 462.) A trial conducted in the complete absence of a defendant is violative of due process. (*People v. Evans* (1961), 21 Ill. 2d 403, 172 N.E.2d 799.) Defendant's constitutional right to be personally present at all stages of the trial extends from arraignment to final disposition. (*People v. Rife* (1974), 18 Ill. App. 3d 602, 310 N.E.2d 179; *People v. Etheridge* (1976), 35 Ill. App. 3d 981, 343 N.E.2d 55.) Defendant's right to be present at his criminal trial is conferred for his benefit and protection, but like other constitutional rights, it may be waived. (*People v. Colon* (1973), 9 Ill. App. 3d 989, 293 N.E.2d 468; see also *United States v. Peterson* (4th Cir. 1975), 524 F.2d 167, *cert. denied* (1976), 423 U.S. 1088, 47 L. Ed. 2d 99, 96 S. Ct. 881.) And where a defendant voluntarily absents himself after a trial has begun, and chooses not to be present for further proceedings, he has waived his right to appear and defend in person. (*People v. Stubbs* (1974), 25 Ill. App. 3d 181, 323 N.E.2d 26.) A defendant's right to be present at all stages of the proceedings co-exists with his duty to present himself in court when he has been released on bail pending trial. (*People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404, *cert. denied* (1965), 382 U.S. 853, 15 L. Ed. 2d 92, 86 S. Ct. 104.) Although a trial court is loath to proceed with a criminal trial in a defendant's absence, a defendant may not prevent that trial by voluntarily absenting himself therefrom. *People v. Pace* (1975), 34 Ill. App. 3d 440, 339 N.E.2d 785.

■■ In the present case, petitioner was present in court on the date scheduled for trial to begin. His counsel informed the court that petitioner was ready for trial and that he was waiving jury trial. Petitioner was admonished of his right to a jury trial and about the charges pending against him. Petitioner executed a written jury waiver and elected to be tried by the court. The prospective jurors were brought in and sworn, and had petitioner and his counsel presented to them. The jurors were informed that petitioner had elected to be tried by the judge in language approved by his counsel. The indictments against him and a list of potential witnesses were read while petitioner was present. The trial court granted petitioner's request to be excused from the balance of jury selection for his co-defendant, but he was instructed when to return. Thereafter, the trial court continued the matter twice before proceeding. Petitioner did not present himself for trial until 18 months later when he was apprehended by the police. He never offered the court any explanation for his absence. Under the particular facts and circumstances of this case, we hold that trial had commencedand further that petitioner's actions constituted a knowing and voluntary waiver of his

right to be present and that the court did not err in proceeding in petitioner's absence. The dismissal of his petition for post-conviction relief was proper.

Petitioner's reliance on the holding in *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634, is misplaced. There, defendant was informed by mail that his trial was to commence on March 28. He appeared for trial and was informed by the prosecutor that the matter had been continued to the next day. On the following day his trial was again continued. On March 30, defendant failed to appear and the trial was conducted in his absence. The State presented its evidence and the jury returned a verdict of guilty. Defendant appeared late that afternoon and was taken into custody. The court held that an entire trial conducted in defendant's absence without representation by counsel was constitutionally impermissible. In the present case, we have noted defendant's presence at the initial stages and that his counsel was present throughout the entire trial.

For the reasons stated, the judgment of the circuit court of Cook County dismissing the petition for post-conviction relief is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.