THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARK LANE, Defendant-Appellant.

First District (4th Division)     Nos. 79-352, 79-2478 cons.

Opinion filed December 11, 1980.

James J. Doherty, Public Defender, of Chicago (Robert Guch and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:
At the conclusion of a jury trial in the circuit court of Cook County,

defendant, Mark Lane, was found guilty of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1) and was sentenced to a prison term of four to 12 years.

On appeal defendant contends that he must be given a new sentencing hearing because: (1) he was improperly sentenced under the old sentencing law without being given the opportunity to elect to be sentenced under the old or new sentencing law; and (2) the trial court incorrectly considered an incomplete presentence investigation report prior to sentencing defendant.

We affirm.

After July 26, 1978, the day jury selection began, defendant failed to appear in court. Defendant's counsel did not know the reason for defendant's absence. On four additional days of trial, the defendant continued in his absence. On August 2, 1978, defense counsel again informed the court that he had no knowledge of the reason for defendant's absence. Defense counsel indicated that six days had passed since the last time he communicated with defendant or his family. Defense counsel acknowledged that this length of absence from trial was sufficient to determine that defendant was absent within the meaning of section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1).[1]

At trial, Sanford Anderson testified that on August 16, 1977, at 3 a.m., he observed defendant and another man leaving the A-Uptown Appliance Store with various merchandise, including television sets. Nicholas Broosales, a cab driver, testified that on August 26, 1977, at 3 a.m., defendant hailed his cab and placed two turntables and a television set on the back seat of the cab. Broosales then observed defendant walk into the A-Uptown Appliance Store and return to the cab with merchandise. This occurred about six to nine additional times.

Officer T. Dorgan, who was on duty that morning, saw defendant place a large object in the cab. Dorgan drove his police car behind the cab and noticed that the cab was filled with stereos and television sets. When defendant was unable to produce any receipts for the merchandise and Dorgan saw the price tags and store name on the goods, Dorgan walked across the street to the store. Dorgan saw that the store door lock had been pulled from the door. He thereupon placed defendant under arrest. Investigator Rennie testified that after he advised defendant of his constitutional rights, defendant admitted that he had entered the A-Uptown Appliance Store and, without authority, had removed the merchandise. The jury subsequently found defendant guilty of burglary.

After the guilty verdict, the trial court scheduled a sentencing hearing

---

[1] This section provides that if trial has commenced and the defendant wilfully absents himself from court for two successive court days, "the court shall proceed with the trial." Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1.

for September 13, 1978. On that date, the hearing was continued to October 4, 1978, because defendant again had not appeared and the presentence investigation report had not been completed. Defendant again did not appear on October 4; however, the court proceeded with the sentencing hearing. After both sides reviewed the presentence report and indicated they were ready for the hearing, the court noted that the report reflected defendant's prior felony convictions and current probation status. The court also inquired whether defense counsel wanted to act on defendant's behalf and elect sentencing under the old or new sentencing code. Defense counsel declined to make an election on behalf of defendant. The court noted that defendant had voluntarily absented himself and was not present to make the election. The trial court then sentenced defendant under the old sentencing law, reasoning that this law was in effect at the time the burglary was committed. Defendant was sentenced to a prison term of 12-14 years. This appeal followed.

OPINION

Defendant contends that a new sentencing hearing is required first because he was not "given the opportunity" to elect to be sentenced under the new or old sentencing code (Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4), and second because the trial court improperly conducted a hearing without considering a full and complete presentence report as required by section 5—3—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—2). We disagree with defendant's contentions.

■■ A defendant in a criminal case has a constitutional right to be present at all stages of his trial from arraignment to final disposition. (*People v. Davis* (1979), 69 Ill. App. 3d 548, 388 N.E.2d 167.) The right to be present at trial, like other constitutional rights, may be waived. (*People v. Davis.*) A defendant may not prevent his trial by voluntarily absenting himself; and, in fact, a defendant in a criminal case who has been released on bail has a duty to present himself in court at all scheduled hearings. (*People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404; *People v. Davis* (1979), 69 Ill. App. 3d 548, 388 N.E.2d 167.) It has long been held that when a defendant is at liberty on bail and voluntarily absents himself from his trial after it has begun, he waives the right to be present, and the court can proceed without him. *People v. McInnis* (1980), 85 Ill. App. 3d 555, 406 N.E.2d 199; *People v. Pace* (1975), 34 Ill. App. 3d 440, 339 N.E.2d 785.

■■ Where, as here, trial has commenced in the presence of defendant and defendant thereafter absents himself for two successive court days, the court must proceed to trial and the defendant's absence does not bar a judgment on the conviction. (Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1.) Defendant does not challenge the trial court's finding that he voluntarily

absented himself. Moreover, defendant has not attempted to justify his absence to this court or the trial court. We necessarily conclude, therefore, that defendant wilfully absented himself from the sentencing hearing and thereby waived the right to be present at the sentencing hearing. *People v. McInnis* (1980), 85 Ill. App. 3d 555, 406 N.E.2d 199.

In our view, by waiving the right to be present at the sentencing hearing, defendant also has waived the statutory right to elect between the new and the old sentencing codes. (Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4.) To hold otherwise would permit a defendant to frustrate and thwart the judicial process by compelling a halt to all proceedings because of the defendant's voluntary absence. To allow such a stay of judicial proceedings, by virtue of the defendant's voluntary absence, would in effect place the progress of the trial within the power and control of the defendant. Such a result would render the judicial process an absurdity.

Similarly, we do not believe the omissions in the presentence report necessitate a new sentencing hearing. These omissions were occasioned by defendant's absence; the probation officer could not interview defendant or his family to determine "* * * [defendant's] physical and mental history and condition, family situation and background, economic status, education, occupation and personal habits" as required by section 5—3—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—2). The presentence report did contain defendant's history of criminality which also is required, but that information is of record; defendant's personal background is not. It was defendant who caused the presentence report to be incomplete, not the court or the probation officer. Defendant chose not to attend the sentencing hearing and thus waived his last opportunity to provide the information he now complains was omitted.

■■ We also note that no objection was made to either the form or the content of the presentence report. "It is the duty of the probation officer to prepare a presentence report consistent with the directives of the statute. It is the duty of the parties, however, to bring to the attention of the sentencing authority any alleged deficiency or inaccuracy in the presentence report." (*People v. Meeks* (1980), 81 Ill. 2d 524, 533, 411 N.E.2d 9, 14.) In view of this precedent, we necessarily conclude that any deficiency in the presentence report was waived by defendant's failure both to provide the information and to object to the alleged deficiency when the report was tendered to the court. *People v. Meeks.*

■■ Defendant finally argues that a presentence report cannot be waived in felony convictions except as provided under section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1). While this is true (*People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d

416), defendant's argument is without merit here.[2] Prior to sentencing, the trial court reviewed the information in the presentence report which disclosed defendant's prior felony convictions and probation status as of the time the instant offense was committed. The trial court satisfied the statutory mandate; the presentence report was presented to and considered by the trial court. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1.) We find no error in the trial court's procedure.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.

---

[2] Prior to February 1, 1978, section 5—3—1 provided that the presentence report could be waived (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1). The provision was removed from section 5—3—1 by amendment effective February 1, 1978. Our supreme court has interpreted the amendment to mean that the presentence report is mandatory and that after the effective date of the amendment the defendant should no longer have the privilege of waiving this requirement. *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.