THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. COLLINS, Defendant-Appellant.

Fourth District    No. 4—82—0060

▮

Opinion filed November 4, 1982.

▮

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Mona C. Mack, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LONDRIGAN delivered the opinion of the court:

Robert E. Collins was convicted of theft with a prior theft conviction, following a trial by jury *in absentia*. He was sentenced to two years in the Department of Corrections with credit for four days previously served. He appeals from his conviction and sentence. We affirm.

Collins asserts: (1) The statute that permits the trial *in absentia* of defendants who wilfully absent themselves from their trials (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)) is unconstitutional; (2) the State did not meet its burden of establishing his wilful absence from

his trial; (3) the trial court acted improperly in conducting his sentencing hearing in his absence; (4) evidence of his prior theft conviction should not have been presented to the jury; (5) the prosecutor improperly commented on his failure to testify; and (6) the State failed to prove his guilt beyond a reasonable doubt because it did not establish that the subject of a photograph introduced into evidence was the same Robert Collins who was on trial.

On August 16, 1981, Steven Henderson, Sr., security manager at the K-Mart Department Store in Urbana, saw defendant enter the store. The defendant was attired in bluejeans, a hooded sweatshirt, a plaid flannel shirt, and a T-shirt. This attracted Henderson's attention because the outside temperature on that day was between 65 and 75 degrees. The defendant subsequently picked up a 17-piece tool set, put it inside his pants, and walked through the cash register area without paying for it. Henderson stopped Collins in the store's vestibule area and asked him about the tool set. The defendant started to walk back into the store with Henderson but then turned and ran into the store's parking lot. As the defendant was running across the lot, the tool set fell out from under his pants. Henderson identified People's Exhibit No. 1 as a picture of defendant and identified the tool set that defendant took from the store. Henderson could not recollect the defendant having any unusual facial features but did remember his hairstyle and approximate weight and height. Henderson testified that he first saw the photograph of defendant in court on the day of the trial but that he had previously been told that he might have to make a photographic identification at the trial.

Jack Hammel was the State's second witness. He also was working at the Urbana K-Mart store on August 16, 1981. Henderson requested his help in apprehending defendant. Hammel observed Henderson's interception of Collins as he was attempting to leave the store and saw defendant's attempted flight from the store. He also observed something fall from under Collins' clothing as he was fleeing. Hammel and another employee gave chase and apprehended defendant in a weed-covered lot behind a neighboring store. Hammel testified that he got a "good look" at defendant and his description of him generally conformed to the description that Henderson related. Hammel also identified People's Exhibit No. 1 as a picture of the defendant. He saw the photograph for the first time on the day of the trial, but he likewise had previously been told that he would be asked to view a photograph when he testified. Hammel stated, however, that the latter fact did not influence his identification of the person pictured in the photograph as the person whom he captured.

The State's final witness was Assistant State's Attorney Don Parkinson, who testified that he prosecuted defendant in a prior case, Champaign County No. 81—CM—328, which resulted in defendant's conviction of theft. Parkinson also identified People's Exhibit No. 1 as a photograph of the person whom he prosecuted in that case.

The court subsequently admitted, over defendant's objections, People's Exhibit No. 1 and, again over defendant's objections, took judicial notice of the file in Champaign County case No. 81—CM—328. Both sides then rested.

■ At the outset, we note that this court recently upheld the constitutionality of the trial *in absentia* statute (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)) in *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708. The third district subsequently reached the same result in *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590. The defendant has failed to present us with any persuasive arguments of why we should not adhere to our decision in *Powell*. Most of the cases cited by defendant in support of his claim that the trial *in absentia* statute is unconstitutional do not address the constitutionality of such a statute. *Lewis v. United States* (1892), 146 U.S. 370, 36 L. Ed. 1011, 13 S. Ct. 136, *United States v. Gregorio* (4th Cir. 1974), 497 F.2d 1253, and *People v. Beck* (1922), 305 Ill. 593, 137 N.E. 454, do indeed contain statements that a defendant has a right to be present at his trial, but these cases do not say that a defendant may not waive that right by wilfully failing to appear at trial after being advised that his failure to appear will result in waiver of this right. In *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634, the court held that a trial *in absentia* violated the defendant's constitutional rights under the facts of the case, but as we intimated in *Powell,* the *Davis* court premised its decision principally on the State's failure to afford defendant the representation of counsel at his *in absentia* trial. We do not read *Davis* as a condemnation of *in absentia* trials under all circumstances. In the absence of any conclusive contrary authority, we choose to adhere to our position on this matter as set forth in *Powell* and hold that the statute under which defendant was tried and convicted was not *per se* violative of any of his constitutional rights.

■ As for defendant's allegation that the State did not meet its burden of establishing his wilful absence from trial, we initially note that defendant has waived his right to have this issue considered on review because he failed to include this alleged error in his post-trial motion. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Even if we were to consider this issue on its merits, however, we would hold that the State presented sufficient evidence that defend-

ant was wilfully avoiding trial to sustain the court's decision to try him *in absentia*. The State's Attorney stated that his office had contacted all the local hospitals and that the defendant was at none of them, and that the Champaign County sheriff's department had also attempted to locate defendant at his last known address. This evidence of defendant's wilful absence from his trial is at least as great as that presented in *Powell*, where it was held that evidence that the police had been unable to locate defendant and that there were outstanding warrants for defendant's arrest was sufficient proof that the defendant had wilfully absented himself from his trial. Although here, as in *Powell*, direct testimony of those persons responsible for searching for defendant would have been preferable to the State's Attorney's merely summarizing the efforts that were made to locate defendant, we cannot say that the trial court abused its discretion in trying defendant in his absence on the basis of the evidence that it had before it.

■ We next consider the question whether defendant was improperly sentenced in his absence. Defendant first contends that he should have been specifically advised that the sentencing hearing could be conducted in his absence. Although defendant was not so advised, he was told that his trial could be conducted in his absence. Since a sentencing hearing is merely a component part of a criminal trial (see *People v. McInnis* (1980), 85 Ill. App. 3d 109, 406 N.E.2d 199), the notice to defendant that his trial could be conducted in his absence was by its very nature a notice that the entire trial, including the sentencing hearing, could be conducted in his absence. Defendant also maintains that he should have received separate notice of the exact date of his sentencing hearing. Although defendant may not have personally received such a notice, his attorney did receive notice of the date of the sentencing hearing. This constructively gave knowledge of the date of the hearing to defendant. See *Clark*.

■ Defendant next contends that he was sentenced on the basis of an incomplete presentence report. We note that the record contains no indication that defendant objected to any alleged deficiencies in the report when it was tendered to the court. Because of this and the defendant's apparent failure to attend an interview with a probation officer before completion of the report, we are of the opinion that defendant waived his right to object to any deficiencies in his presentence report. See *People v. Lane* (1980), 91 Ill. App. 3d 827, 414 N.E.2d 1249.

Defendant also contends that evidence of his prior conviction for theft under section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev.

Stat. 1979, ch. 38, par. 16—1(a)(1)) was improperly admitted. As support for this contention, defendant relies on the decision of our supreme court in *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490. The defendant in *Hayes* was convicted of retail theft of less than $150. At bench trial, she stipulated that she had previously been convicted of retail theft. On appeal, the sole issue before the court was whether, in order to obtain the enhanced penalty contained in section 16A—10(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2)), the State must allege in the information that the alleged offense was a second or subsequent offense of retail theft.

The supreme court affirmed Hayes' felony conviction, holding:

> "[I]n order to invoke the provisions of section 16A—10(2) the sentencing court must find beyond a reasonable doubt, after notice to the accused and an opportunity to refute the allegation, that the accused was in fact convicted of a prior offense of retail theft and that the record supports that finding." 87 Ill. 2d 95, 98, 429 N.E.2d 490, 491-92.

Defendant contends that *Hayes* eliminated the need for introducing evidence of a prior conviction, for purposes of enhancing the degree of the offense, during the evidentiary stage of the trial. Evidence of his prior conviction for theft served no purpose other than to inflame the jury, defendant asserts, and amounted to reversible error. We disagree.

*Hayes* discussed the leading Illinois cases on the subject (*People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876; *People v. Owens* (1967), 37 Ill. 2d 131, 225 N.E.2d 15; *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499), which uniformly hold that it is proper to introduce evidence of prior convictions that serve to increase the degree of the offense during the evidentiary stage of the trial. The supreme court did not overrule this line of cases in deciding *Hayes*.

Defendant was convicted of theft under section 16—1(a)(1) after a jury trial. He did not stipulate that he had a prior theft conviction. It was proper for the State to introduce evidence of that conviction during trial. (*Dixon.*) The trial court did not err in admitting evidence of defendant's prior theft conviction.

Moreover, a conclusion opposite to what we have reached in regard to the admissibility of the above evidence would not warrant reversal of defendant's conviction, for it is obvious that under the circumstances of this case, an erroneous admission of such evidence would have been harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) The store security manager saw defendant conceal merchandise on his

person and walk through the checkout area without paying for it. The security manager and one other employee witnessed defendant's attempted flight and saw the stolen merchandise fall out from under his clothes. In view of this overwhelming and uncontradicted evidence of defendant's guilt, any error in the admission of evidence of defendant's propensity to commit crime would undoubtedly have been harmless.

We next address defendant's contention that the following portion of the prosecutor's closing argument is reversible error because it improperly referred to his failure to testify:

"Ladies and gentlemen, we're sorry that the defendant isn't here. It is our problem, too. I wish he was here to give us his version."

Immediately following this statement, the court instructed the jury to disregard it and repeated earlier admonitions to the effect that the defendant's absence from his trial was irrelevant to the question of his guilt and that his failure to testify was not to be considered by the jury in arriving at its verdict. Furthermore, the jury was given the usual instructions that it was to consider only the testimony of witnesses and exhibits introduced into evidence in arriving at its verdict.

■■ The prosecutor's comments stated the obvious, that the defendant was absent. The comments were ill-advised and unnecessary, but were harmless beyond a reasonable doubt. The evidence against the defendant was overwhelming. Furthermore, the trial court immediately admonished the jury to disregard defendant's absence from trial and his failure to testify in reaching its verdict. (*People v. Edwards* (1979), 77 Ill. App. 3d 237, 395 N.E.2d 1095.) In light of these circumstances, the trial court acted properly in failing to declare a mistrial.

■■ The defendant's final contention is that the State did not prove that the person pictured in People's Exhibit No. 1 was the same Robert E. Collins who was on trial in the case, for no one identified the person pictured in the exhibit as the same individual who had been arraigned in this case. This allegation of error is likewise groundless. Henderson saw the police arrest defendant and saw the defendant while he was in custody at the Urbana police station. Hammel also saw the police arrest defendant. Assistant State's Attorney Parkinson prosecuted defendant in a previous theft case and obviously had an opportunity to view him during the trial of that case. All three of these witnesses testified that the person pictured in the photograph was the same one they had seen before. Taken altogether, this evidence conclusively establishes that defendant was the same Robert E.

Collins who had previously been convicted of theft, who committed a theft at the Urbana K-Mart store on August 16, 1981, and who was arrested and jailed on charges that he committed that theft. In view of this strong and uncontradicted evidence, the fact that no one testified that the person pictured in People's Exhibit No. 1 was the same individual who had previously been arraigned in the case is immaterial.

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.