THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
REGINALD LYNCH, Defendant-Appellant.

First District (1st Division)   No. 80—1465

Opinion filed February 21, 1984.

Steven Clark and Bruce Mosbacher, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, James Veldman, and Mary Ann Sullivan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, defendant Reginald Lynch was found guilty of armed robbery and sentenced to 20 years' imprisonment. Defend-

ant now appeals claiming that: (1) he is entitled to a new sentencing hearing where the trial court imposed the 20-year term without considering a presentence investigation report as required by section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1); (2) the trial court abused its discretion in sentencing defendant to a term of 20 years' imprisonment.

The sufficiency of the evidence in this case is not disputed. Our review of the record reveals that on March 30, 1979, a robbery occurred at T and K Photo in Chicago. Pam Allen, an employee of the store was the only eyewitness. Allen testified that defendant and two other men entered the store and one man requested film from Allen. At that same moment, the two men with defendant pulled out guns, demanded money and told Allen to open the door to the shop area. After Allen informed the men that she could not open the door, they jumped over the counter and defendant took approximately $300 from the cash register. Police officer James Gildea investigated the robbery and testified that Allen identified defendant, from a group of six photographs, as being one of the perpetrators of the offense. Gildea later observed Allen pick defendant out of a lineup. Gildea also testified as to defendant's post-arrest admission statement. The defense called no witnesses. Defendant was found guilty on May 2, 1980, and sentenced on May 16, 1980. Defendant was not present at either his trial or at the sentencing hearing. At the sentencing hearing, the prosecutor noted that no presentence investigation report was available and that the trial court did not order one. A certified copy of defendant's prior conviction for robbery was presented to the trial court. The trial court then sentenced defendant to a 20-year prison term.

■ Defendant first contends that he is entitled to a new and proper sentencing hearing since no presentence investigation report was considered by the trial court in imposing the 20-year sentence. Defendant relies on *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, to support his contention.. In *Youngbey*, the Illinois Supreme Court noted that "[t]he presentence report *** is for the enlightenment of the court, as well as for the benefit of the defendant." (82 Ill. 2d 556, 565, 413 N.E.2d 416, 421.) Therefore, the court held that being a legislative requirement and not a personal right of defendant, the report could not be waived by defendant unless both parties agreed to the imposition of a specific sentence. *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416; Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1.

The State counters by asserting that the lack of a presentence report is due to defendant's failure to make himself available for an in-

terview. The State also claims that since the majority of information contained in a presentence report is obtained from defendant, it would have been a mere formality for the report to have been prepared without defendant's cooperation. The State contends that defendant's prior conviction would have been the only information contained in the report and therefore was merely a procedural formality. The State urges this court to adopt the position that section 5—3—1 was not intended to apply to cases where a defendant is tried *in absentia* pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1). The State asserts that where a defendant voluntarily absents himself from his trial he thereby waives his constitutional right to be present at all stages of trial, including the sentencing hearing. (See *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935.) The State further argues that the courts have consistently found defendant's objections to insufficient presentence reports waived where defendants were tried *in absentia* and failed to object to deficiencies in the report. (*People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935; *People v. Lane* (1980), 91 Ill. App. 3d 827, 414 N.E.2d 1249.) In *Lane,* the presentence report contained only defendant's prior felony convictions and probation status at the time of trial. There, the court found the defendant's objections waived on appeal for failure to object to the deficiencies in the report at trial. Here, no such report was presented at trial to which defendant could have objected and the State's reliance on the *Lane* case is misplaced.

We now turn to an examination of the relevant statute involved in this case. Section 5—3—1 provides in pertinent part as follows:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment." Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1.

In *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, the court examined the issue whether a presentence report is a mandatory requirement of section 5—3—1. The court noted the legislature's use of the mandatory word "shall" coupled with the negative limitation "shall not be sentenced." The court concluded:

"Thus, this section *** specifically prohibited a judge from sentencing one convicted of a felony unless a written presentence investigation report was presented to and considered by the court. We cannot construe this requirement as other than mandatory. The action proscribed by the use of the negative 'not' renders this requirement much more plainly mandatory than if the requirement would simply have read 'the court shall consider a presentence report of investigation before sentencing.' " 82 Ill. 2d 556, 562, 413 N.E.2d 416, 420.

We find the holding in *Youngbey* to be controlling in this case. See also *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855; *People v. Johnson* (1981), 97 Ill. App. 3d 976, 424 N.E.2d 855.

■ Notwithstanding *Youngbey*, the State argues that requiring a presentence report in this case would have been a mere formality since the information that would have been included in the report was presented at the trial. The above argument, and the State's previous arguments might be persuasive except that they attempt to avoid the clear intent of the statute as expressed by the Supreme Court in *Youngbey*: "The presentence report *** is for the enlightenment of the court, as well as for the benefit of the defendant *** [and therefore] cannot be waived." (82 Ill. 2d 556, 565, 413 N.E.2d 416, 421.) The cases relied on by the State are not applicable to the instant case since in those cases a presentence report was considered by the trial court as mandated by section 5—3—1. (See *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935; *People v. Lane* (1980), 91 Ill. App. 3d 827, 414 N.E.2d 1249.) Additionally, section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1), which authorizes a court to try a defendant *in absentia*, does not provide support for the State's claim that a defendant waives his right to a presentence report when he voluntarily absents himself from trial.

It necessarily follows that based on *Youngbey*, this cause must be remanded for resentencing pursuant to section 5—3—1. In light of this holding, defendant's second issue regarding the trial court's abuse of discretion in sentencing defendant need not be considered.

The sentence of the circuit court is vacated and the cause remanded for proper sentencing in accordance with said statute.

Sentence vacated; cause remanded.

BUCKLEY, P.J., and GOLDBERG, J., concur.