OPINION OF THE COURT
Boomer, J.
In each of these five criminal cases, the defendant was tried and convicted in absentia, having failed to return to the courthouse after being present when his case was assigned for immediate trial. At issue is whether the rationale in People v Parker (57 NY2d 136) mandates the reversal of the convictions because the defendants were not warned of the consequences of a failure to return to court. We determine that it does not.

People v Sanchez

Defendant, Freddy Sanchez, appeals from an order of the Appellate Division affirming a judgment convicting him of robbery in the second degree.
*441 Defendant was present in the courtroom when his attorney announced he was ready for trial and when the calendar justice referred the case to a Part for trial stating, “You’re the fourth jury and, therefore, the case is going and they’re going to hold your jury. Respectfully referred to Mr. Justice Donald Sullivan, Part 51, forthwith.” Defendant went to Justice Sullivan’s courtroom, Part 51, but he left the courthouse before his case was called in that Part. The trial was adjourned until the following morning to allow defendant’s attorney to investigate his client’s disappearance.
The next morning defendant appeared in his attorney’s office but, in spite of his attorney’s direction, he failed to return to court. Following a hearing that afternoon, Justice Sullivan found that the People had made a reasonable and diligent effort to find defendant and that defendant had knowingly and voluntarily waived his right to be present at trial. He proceeded to try the defendant in absentia after the weekend recess.

People v Fraser

Defendant, Howard Fraser, appeals from an order of the Appellate Division affirming a judgment convicting him of criminal sale of a controlled substance in the third degree.
Defendant was present during the first day of jury selection. After five jurors were sworn, the court adjourned for the day, telling everyone to return to the courtroom at 9:45 the next morning. When defendant failed to appear the next morning, the court adjourned the matter until 2:30 in the afternoon.
Following a hearing that afternoon, the court found that the defendant’s absence was voluntary and that he had waived his right to be present during his trial. The court then continued with the selection of the remaining jurors and completed the trial in defendant’s absence.

People v Maggette

Defendant, Tyrone Maggette, appeals from an order of the Appellate Division affirming a judgment convicting him of criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the second and third degrees.
At a suppression hearing held immediately before trial, the court told the District Attorney, defense counsel and defendant that they should consider themselves on trial. It also warned the defendant that it would not tolerate any delay caused by the defendant, and in case of such delay it would seriously consider *442 remanding the defendant to jail. Following the hearing and after the court denied the motion to suppress a statement defendant made to the police, defense counsel and the District Attorney discussed a possible plea. When the court refused defendant’s request that he remain on bail pending sentence, defendant rejected the plea offer. Thereupon, the court told the clerk to order a panel of jurors and adjourned until 11:00 a.m. to await the arrival of the panel.
Defendant was absent when the panel arrived and when he failed to appear by 2:00 p.m., the court proceeded with the trial. After two days of jury selection and before the last juror was sworn, the court conducted a hearing to determine whether the defendant’s absence was voluntary. Following the hearing, the court found that defendant had absconded and thus had waived the right to be present at his trial. The trial continued in defendant’s absence.

People v Grant

Defendant, Alvin Grant, appeals from an order of the Appellate Division affirming a judgment of Supreme Court convicting him of robbery in the first degree.
Defendant was present when the trial court held a Sandoval hearing, had the jury panel sworn, and instructed the panel. Before the attorneys began questioning the prospective jurors, the court recessed for the day and directed everyone to return to the courtroom at 9:30 the next morning. When the defendant failed to appear the next morning, the court adjourned the case until the following day. The following day when defendant failed to appear, the court, after hearing of the efforts made by defense counsel and the District Attorney to locate defendant, continued with the jury selection and completed the trial in defendant’s absence.

People v Rivera

The People appeal from an order of the Appellate Division reversing, on the law, a judgment of Supreme Court convicting defendant, Pedro Rivera, of robbery in the first degree.
When defendant appeared at calendar call, the District Attorney and defense counsel stated that the case was ready for trial and the court announced that it was sending the case to “Part 55, Judge Goldman, 10th Floor of this building for trial.” Defendant’s attorney directed defendant to the proper courtroom, but defendant failed to appear. After waiting several hours, the trial court issued a warrant for defendant’s arrest and adjourned the *443 trial for six weeks. On the adjourned date, following a hearing, the court found that the defendant had knowingly, intelligently and voluntarily waived his right to attend his trial, and it proceeded to try the defendant in absentia.
Citing People v Parker (57 NY2d 136, supra), each of the defendants contends that he did not waive his right to be present at trial because he was not expressly warned of the consequences of his failure to reappear in court. In Parker (supra), the court held that a defendant who had received notice of the date for trial did not waive her right to be present by voluntarily failing to appear on the assigned date where she had not been warned that the trial would proceed in her absence (People v Parker, supra, pp 138,141). The court recognized, however, that the right may be lost, under certain circumstances, as in Taylor v United States (414 US 17).
In Taylor (supra), the Supreme Court held that a defendant who had attended the opening of his trial and deliberately failed to return after the luncheon recess could be tried in absentia, even though he had not been warned that the trial would continue in his absence. The court recognized that the “controlling rule” is: “if a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away.” (Cureton v United States, 130 US App DC 22, 27, 396 F2d 671, 676, quoted in Taylor v United States, supra, pp 19-20, n 3.)
The Taylor court noted that “ ‘there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.’ Illinois v. Allen, 397 U. S. 337, 349” (414 US 17,20). As explained in Falk v United States (15 App DC 446, 460, cert denied 181 US 618, quoted in Diaz v United States, 223 US 442, 457-458): “The question is one of broad public policy, whether an accused person, placed upon trial for crime and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries and turn them into a solemn farce * * * Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong.” Thus, under the Taylor rule, if a defendant deliberately leaves the courtroom after his trial has begun, he forfeits* his right to be present at trial regardless of *444 whether he knows that the trial will continue in his absence. Thus, defendants Fraser and Grant, who absconded after their trial had begun, forfeited their right to be present.
The same considerations of public policy permitted the courts to try Sanchez, Maggette and Rivera in absentia, even though their trials had not yet begun when they left the courtroom. There is no significant difference between the misconduct of a defendant who deliberately leaves the courtroom shortly after the trial begins and that of a defendant who does so after he has been told that the trial is about to begin. In either case, his conduct unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed. Thus, Sanchez, Maggette and Rivera also forfeited their right to be present at trial.
The rationale of People v Parker (supra) has no application to the circumstances of these cases. There the court held that Parker’s conduct in failing to appear for court on the date scheduled for trial did not unambiguously indicate a waiver of her right to be present at trial. Neither did it unambiguously indicate a defiance of the processes of law sufficient to effect a forfeiture.
Defendant Rivera raises the additional point that he was improperly sentenced in absentia. We hold that a defendant who is properly tried in absentia may during his continued absence also be sentenced in absentia (see, People v Smith, 106 AD2d 670, 671-672; Brewer v Raines, 670 F2d 117, 119; Byrd v Hopper, 537 F2d 1303, 1304-1305, cert denied 429 US 1048; People v White, 18 Cal App 3d 44, 48, 95 Cal Rptr 576, 578; People v Lane, 91 Ill App 3d 827, 830, 414 NE2d 1249, 1251-1252; State v Kelly, 213 Kan 237, 242-243, 515 P2d 1030, 1034-1035). Here it was not improper for the court to sentence Rivera in absentia. The record shows that at the time of his trial a bench warrant had been issued for his arrest and the warrant squad was unable to locate him. He was missing from his residence and his wife had not seen him and did not know where he could be found. By his deliberate absence from his trial he also forfeited his right to be present at sentencing.
Accordingly, the orders of the Appellate Division in People v Sanchez, People v Fraser, People v Maggette and People v Grant *445 should be affirmed; and the order of the Appellate Division in People v Rivera, reversing the judgment of conviction on the law, should be reversed and remitted to that court for consideration of the facts and of the issues of law raised by defendant, but not decided.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Titone concur; Judge Alexander taking no part.
In People v Sanchez, Fraser, Maggette and Grant: Orders affirmed.
In People v Rivera: Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.

 Forfeiture, unlike an express waiver which involves an evaluation of defendant’s state of mind, occurs by operation of law and as a matter of public *444 policy (see, People v Thomas, 53 NY2d 338, 342-343, n 2; see also, Westen, Away From Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure, 75 Mich L Eev 1214,1239, n 50 [1977]; 3 LaFave & Israel, Criminal Procedure § 23.2, at 7).