SIXTH DIVISION

MARCH 3, 2000 

No. 1-98-2626

THE PEOPLE OF THE STATE OF ILLINOIS, ) APPEAL FROM THE 

) CIRCUIT COURT OF

Plaintiff-Appellee, ) COOK COUNTY.

) 

) 

) 

THADDEUS WILLIAMS, ) HONORABLE

) JAMES M. SCHREIER, 

Defendant-Appellant. ) JUDGE PRESIDING.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Thaddeus Williams was charged with the armed robbery of the victim, Tina Williams, and was later found unfit to stand trial.  At a subsequent discharge hearing, the trial court found defendant "not not guilty" of armed robbery, and ordered that he be remanded to the Department of Human Services for further treatment.  Defendant appeals, contending that the trial court abused its discretion by denying him the right to be present at the discharge hearing.  

At the outset of the discharge hearing, held on June 23, 1998, defense counsel objected to the fact that defendant was not present for the hearing.  The trial court overruled the objection, stating:

"There [
sic
] is a discharge hearing.  I'm not going to bring him into court. [
sic
] [o]ver the defense objection because he is in no condition to be brought out, he is disturbed and he is not in a proper emotional or mental condition to be brought into a courtroom.  That's why he was in the custody of the Department of Mental Health."

The trial court did not identify any evidence supporting its con­

clusion that defendant lacked the requisite mental condition to be present in the courtroom.  The most recent medical evidence in the record relating to defendant's mental condition is a psychiatric report prepared by Dr. Albert Stipes and dated September 27, 1996.  In that report, which was mailed to the trial court, Dr. Stipes diagnosed defendant with chronic schizophrenia and neuroleptic induced parkinsonism and opined that defendant was not then fit for trial, but would be fit for trial within one year if treated in a hospital setting.  Although the memorandum of orders entered by the trial court refers to a report of continuing unfitness filed on April 30, 1997, that report is not included in the record.

Because the victim died prior to the discharge hearing, the State's evidence at the hearing consisted solely of  portions of the victim's preliminary hearing testimony.  At that hearing, the victim testified that on December 21, 1994, at approximately 7:50 p.m., defendant, who was her nephew, entered her room at the University of Illinois Hospital in Chicago.  When defendant requested that she loan him $10, the victim responded that she did not have it.  Defendant then opened a drawer and removed $40.  After taking the money, he pulled a knife out of his shirt, held it up over the victim's head, and ran out of the room.  At the conclusion of the hearing, the trial court concluded that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt and thus found him "not not guilty" and remanded him to the Department of Human Services for further treatment.

The purpose of a discharge hearing is to determine whether the evidence is sufficient to establish that a defendant is guilty of the crime with which he is charged.  
People v. McBrien
, 144 Ill. App. 3d 489, 492 (1986).  The discharge hearing statute authorizes both the State and the defendant to introduce evidence and requires the court to acquit the defendant if the evidence presented at the hearing fails to establish the defendant's guilt beyond a reasonable doubt.  725 ILCS 5/104-25(a)-(b) (West 1998).  Although a court's determination at a discharge hearing that the State has proved the defendant's guilt beyond a reasonable doubt does not constitute a technical determination of guilt, the stand­

ard of proof is the same as that required for a criminal convic­

tion.  
People v. Raseaitis
, 126 Ill. App. 3d 600, 603 (1984).  

A criminal defendant has a right to be present at every stage of the trial against him, from arraignment to final disposition.  
People v. Davis
, 69 Ill. App. 3d 548, 551 (1979).  A defendant's right to be present during his trial is violated only if he is excluded from a hearing involving his substantial rights.  
People v. Jones
, 185 Ill. App. 3d 208, 214 (1989).  A hearing at which evidence is presented against a defendant involves substantial rights and therefore entitles a defendant to be present.  
People v. Collins
, 184 Ill. App. 3d 321, 334-35 (1989) (defendant's right to be present was violated where he was excused from courtroom during portion of suppression hearing when his attorney cross-

examined a key witness of the State).  In some cases, even where a defendant's presence during the hearing may not have affected the outcome of the case, the importance of the hearing alone may warrant his presence.  See 
People v. Stewart
, 303 Ill. App. 3d 844, 851-52 (1999) (defendant's absence from hearing on admissibility of hearsay testimony in predatory criminal sexual assault case violated his right to be present).  Although the discharge hearing statute does not specify whether a defendant has the right to be present, Illinois courts have permitted defendants to be present (See 
e.g.
, 
People v. Young
, 220 Ill. App. 3d 98, 102 (1991)) and testify (See 
e.g.
, 
People v. Aaron
, 296 Ill. App. 3d 317, 321-322 (1998)) at discharge hearings. 

In the instant case, defendant was denied the right to be present at a hearing designed to determine
 whether he should be acquitted.  At that hearing, evidence was presented against defendant by the State.  Based upon that evidence, the court determined that the State had proved defendant's guilt beyond a reasonable doubt, and that defendant therefore should not be acquitted.  While that determination did not constitute a "tech­ni­

cal" finding of guilt, it clearly affected a substantial right of defendant, namely his liberty interest.  Accordingly, defen­dant should have had the opportunity to be present at the hearing.  

We recognize that a defendant's presence at a discharge hearing is not absolute and may be restricted in certain instances.  See 
e.g.
, 
People v. Lavold
, 262 Ill. App. 3d 984, 988 (1994) (where defendant who became disruptive during discharge hearing was removed from the courtroom and allowed to hear the proceeding over a speaker in a lock-up area).  In the case at bar, the trial court concluded that defendant was "not in a proper emotional or mental condition to be brought into the courtroom."  However, the most current assessment of defendant's mental condition in the record, Dr. Stipes' report, was prepared over 18 months before the discharge hearing.  That report itself opined that defendant would be fit for trial within one year if treated in a hospital setting.  Although the record refers to a report of continuing unfitness filed on April 30, 1997, that report is not included in the record and would have been over one year old at the time of the June 23, 1998 discharge hearing.  Accordingly, we find the evidence in the record insufficient to support the trial court's conclusion that defendant lacked the appropriate mental capacity to attend the discharge hearing.

For the foregoing reasons, we reverse the trial court's order finding defendant "not not guilty" and remand for a new discharge hearing.

Reversed and remanded.

ZWICK, P.J., and O'BRIEN, J., concur.