# Illinois Official Reports

## Appellate Court

***People v. Gomez Moran*, 2018 IL App (3d) 150754**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUBEN GOMEZ MORAN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0754 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | April 25, 2018<br><br>May 23, 2018<br>May 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 05-CF-1476; the Hon. Sarah-Marie Francis Jones and the Hon. Robert P. Livas, Judges, presiding. |
| Judgment | Reversed, vacated, and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Steven Varel, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Lawrence M. Bauer, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices Holdridge and Lytton concurred in the judgment and opinion.

## OPINION

¶ 1    The trial court sentenced defendant *in absentia* to nine years' imprisonment in the Illinois Department of Corrections. Approximately eight years later, defendant was arrested and filed a motion to vacate or reconsider the sentence imposed in his absence. The trial court struck defendant's motion to vacate on October 28, 2015. Defendant appeals that 2015 ruling.

¶ 2    FACTS

¶ 3    On July 20, 2005, the State charged Ruben Gomez Moran (defendant) with aggravated driving under the influence pursuant to sections 11-501(a)(1) and 11-501(d)(1)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(1), (d)(1)(C) (West 2004)), reckless driving pursuant to section 11-503(c) of the Illinois Vehicle Code (*id.* § 11-503(c)), and failure to stop after having an accident involving personal injury or death pursuant to section 11-401(a) of the Illinois Vehicle Code (*id.* § 11-401(a)).

¶ 4    On July 11, 2006, defendant entered an open guilty plea to aggravated driving under the influence, reckless driving, and failure to stop after a personal injury accident. The trial court revoked defendant's bond and ordered a presentence investigation report (PSI) for purposes of sentencing.

¶ 5    The next day, July 12, 2006, the trial court granted an agreed motion, allowing defendant to be released on a recognizance bond until July 26, 2006, in order to allow defendant to be present for the impending birth of defendant's child. Defendant failed to return to custody on July 26, 2006, as agreed.

¶ 6    On September 20, 2006, the trial court received a letter from the Will County Probation Services Department, informing the court that the department could not complete defendant's PSI because defendant's whereabouts were unknown. On January 30, 2007, the trial court scheduled defendant's sentencing hearing for March 15, 2007. A "certified letter to appear," informing defendant of this court date, was mailed to defendant's last known address on February 1, 2007.

¶ 7    On March 15, 2007, defendant failed to appear but his attorney was present in court. Both the prosecutor and defense counsel agreed to proceed with sentencing without the PSI. The court stated (1) "[defendant] chose voluntarily not to participate in the presentence investigation. So we are left—which is his right if he refuses" and (2) "Well, since he didn't participate, we are left with kind of a lack of knowledge about the defendant, and without a presentence investigation, I will just listen to evidence in aggravation." The defense presented no evidence in mitigation, and the trial court sentenced defendant to nine years' imprisonment in the Illinois Department of Corrections for aggravated driving under the influence (*id.* § 11-501(a)(1), (d)(1)(C)). Defendant did not file any timely motions after the sentence was imposed in 2007 and did not file a direct appeal.

¶ 8    On July 22, 2015, defendant was arrested and returned to custody in Will County. On September 8, 2015, counsel for defendant filed a "Motion To Vacate Sentence And/Or In the

Alternative Motion To Reconsider Sentence" (2015 motion to vacate), pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-4.1(e) (West 2014)). Defendant's 2015 motion to vacate incorporated his explanation for his absence in 2007. Defendant alleged his absence was "due to his fear of returning to jail and no one else being able to support his family." In addition, defendant challenged the sentence imposed on the following three grounds: (1) the trial court violated defendant's constitutional rights by failing to properly admonish defendant regarding sentencing *in absentia*, (2) the trial court erroneously sentenced defendant before receiving a PSI, and (3) the trial court imposed a sentence that was excessive.

¶ 9    In response, on the same day, the State filed a motion to strike defendant's 2015 motion to vacate as untimely. On October 28, 2015, following a hearing on the 2015 motion to vacate, the trial court announced its ruling. The court stated that "[t]he State does not have to consent to revesting the Court with the jurisdiction," therefore, "I don't have the ability to grant the relief that you are seeking." In addition, the trial court found that defendant received the proper admonitions about the possibility of proceedings *in absentia.*

¶ 10    On November 2, 2015, defendant filed a notice of appeal challenging several orders, including the March 15, 2007, order imposing defendant's sentence and the October 28, 2015, order granting the State's motion to strike defendant's 2015 motion to vacate.

¶ 11                                              ANALYSIS

¶ 12    Before considering the merits of defendant's appeal, we must address the jurisdictional peculiarities created by an eight-year gap between the date of defendant's 2007 sentencing order and defendant's 2015 motion to vacate. Questions of jurisdiction are legal matters reviewed *de novo. People v. Marker*, 233 Ill. 2d 158, 162 (2009).

¶ 13    The record reveals defendant's 2015 motion to vacate was not labeled a section 115-4.1(e) motion (725 ILCS 5/115-4.1(e) (West 2014)). However, for purposes of the appeal, both parties have construed and treated the 2015 motion to vacate as a section 115-4.1(e) motion. Based on the posture adopted by both parties on appeal, our court will also view defendant's 2015 motion to vacate as a section 115-4.1(e) motion.

¶ 14    The portions of section 115-4.1 of the Code of Criminal Procedure of 1963 provide that:

> "When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." *Id.*

Additionally, section 115-4.1(g) of the Code of Criminal Procedure of 1963 addresses the process for reviewing a ruling on a section 115-4.1(e) ruling. Section 115-4.1(g) states that:

> "A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. *Such notice may also include a request for review of the judgment and sentence not vacated by the trial court*." (Emphasis added.) *Id.* § 115-4.1(g).

¶ 15    Our supreme court has previously provided guidance on the jurisdictional issue. Our supreme court has held that section 115-4.1(e) did not conflict with the time frame established for a direct appeal set forth in Illinois Supreme Court Rule 606 (eff. Dec. 11, 2014). See *People v. Partee*, 125 Ill. 2d 24, 35-38 (1988). In so holding, the *Partee* court explained that a section 115-4.1(e) motion is considered a "collateral attack upon a final judgment." *Id.* at 35. More recently, the reviewing court also held that no conflict exists between section 115-4.1(g) and Rule 606(b). *People v. Williams*, 274 Ill. App. 3d 793, 796 (1995). Further, the *Williams* court held that, "The legislature has engrafted the request for review of the conviction and sentence as a part of that appeal from the final order of the [section 115-4.1(e)] collateral proceeding" as long as the appeal of the collateral proceeding is "perfected within 30 days of the entry of the ruling on the section 115-4.1(e) motion." *Id.* at 798.

¶ 16    In this case, the trial court struck defendant's 2015 motion to vacate, and defendant had a 30-day window to appeal from the October 28, 2015, order. Within 30 days of this court order, defendant filed a notice of appeal challenging the trial court's ruling in the collateral attack on the judgment. Consequently, we conclude that defendant has perfected his right to appeal the 2015 motion to vacate by filing a notice of appeal within 30 days of the entry of the ruling on that motion. Based on well-established case law, we conclude that this court has jurisdiction to review the trial court's order striking defendant's section 115-4.1(e) motion. Based on the statutory language approved by our legislators, we conclude that the scope of our review includes an examination of "the judgment and sentence not vacated by the trial court." 725 ILCS 5/115-4.1(g) (West 2014).

¶ 17    Section 5-3-1 of the Unified Code of Corrections provides that "[a] defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court." 730 ILCS 5/5-3-1 (West 2006). When looking back at defendant's *in absentia* sentencing proceedings, we note that the court sentenced defendant without first receiving and then considering a written completed PSI.

¶ 18    The State recognizes that the trial court must strictly comply with the mandatory statutory requirements of section 5-3-1. See *id.*; *People v. Harris*, 105 Ill. 2d 290, 302-03 (1985). Consequently, the State understandably agrees that if this court reaches the merits of defendant's substantive challenge to the sentence imposed, then defendant would be entitled to a new sentencing hearing with a properly completed PSI. The State's concession is supported by case law establishing that a defendant's voluntary absence from trial does not result in defendant's waiver of the court-ordered PSI that the court "shall" consider before imposing a sentence. *People v. Lynch*, 122 Ill. App. 3d 121, 124 (1984). Therefore, we reverse the trial court's order striking defendant's section 115-4.1(e) motion as untimely, vacate defendant's sentence, and remand the matter back to the trial court for new sentencing proceedings after the trial court receives a properly completed PSI.

¶ 19                                    CONCLUSION

¶ 20    The judgment of the circuit court of Will County is reversed, vacated, and remanded.

¶ 21    Reversed, vacated, and remanded with directions.