THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GINO A. FORTUNE, Defendant-Appellant.

Second District   No. 2—90—1065

Opinion filed September 16, 1992.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Following a jury trial *in absentia*, defendant, Gino A. Fortune, was found guilty of unlawful possession of firearm ammunition by a felon (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(a)) and unlawful possession of firearm ammunition without a firearm owners identification card (Ill. Rev. Stat. 1989, ch. 38, par. 83—2(a)). Following the sentencing hearing, defendant was sentenced *in absentia* to 10 years' imprisonment which, after the trial court granted defendant's motion to reconsider, was reduced to five years. Defendant then filed this timely appeal.

The sole issue on review is whether the presentence report was statutorily insufficient.

Defendant was charged by information with the offenses of unlawful possession of firearm ammunition by a felon and unlawful possession of firearm ammunition without a firearm owners identification card. On October 11, 1989, defendant appeared in the circuit court of Kane County, where he voluntarily waived his right to a preliminary hearing and was advised of the charges pending against him and potential penalties. The trial judge expressly admonished defendant that because he was free on bond he was obligated to make every court appearance, and, if the matters were set for trial and defendant failed to appear, the trial would proceed in his absence. Defendant acknowledged that he understood the court's admonition and the charges against him. Defendant entered his plea of not guilty, and the cause was set for a jury trial.

On the date of trial, defendant failed to appear. Defense counsel informed the court that defendant had not been cooperative, had failed to inform counsel of his current address and that two letters sent to defendant by counsel were returned as undeliverable. Following a short discussion and the trial court's confirmation that defendant had been previously admonished concerning the conse-

quences of his failure to appear, a jury trial was held in defendant's absence.

Steven Henderson, a police officer with the City of Aurora, testified that on September 17, 1989, at approximately 12:30 a.m., he was on routine patrol with Officer Jenkins when he observed a vehicle with an expired vehicle registration sticker and pulled it over. At trial, Henderson identified a photograph of defendant as being the same person he observed in the vehicle. Henderson further testified that defendant was unable to produce a driver's license and when initially asked his name he provided a fictitious name. After obtaining defendant's true name and date of birth, a computer check revealed that defendant's driver's license had been suspended. Henderson placed defendant under arrest and called for the transportation van.

Upon arrival of the transportation van, Henderson observed Officer Lueders conduct a preliminary routine search of defendant. Specifically, he observed Lueders remove a Western Super X 12-gauge shotgun shell from a waistband pouch that defendant was wearing. Officer Lueders' testimony was consistent with Henderson's observation. Defendant was then taken into custody and transported to the station. Once at the station, Henderson asked defendant whether he had a valid firearm owners identification card, and defendant responded no. Henderson also ran a check of defendant's criminal history.

At trial, the assistant State's Attorney identified an exhibit as being a certified copy of conviction for a defendant named Gino Fortune and stated that he recognized the guilty pleas attached to the copy. He recalled that the documents referred to an incident where defendant was charged with two counts of unlawful delivery of a controlled substance and that defendant was convicted of both offenses.

Following the State's case in chief, defense counsel's motion for directed verdict was denied, and defense counsel advised the court that he had no evidence to present. After instruction and deliberation, the jury returned verdicts of guilty as to both of the charged offenses.

At the sentencing hearing, the defendant again did not appear. The presentence report submitted by the presentence investigator consisted solely of a summary of defendant's prior criminal history and a summary of new charges and pending cases. Defense counsel questioned the accuracy of the presentence report based upon an entry which stated that defendant was white, whereas the photograph admitted at trial depicted the defendant as being black. Defense counsel concluded, without further elaboration, that it was his belief that there might be other inconsistencies or errors in the report. The pros-

ecutor responded that it was a clerical error and that he had personally checked the convictions and pending cases that appeared in the summary of defendant's criminal history. He further concluded, notwithstanding the error, that the report was otherwise accurate.

Attached to the presentence report was a letter from the presentence investigator to Judge Hogan explaining that after she obtained defendant's last known address from defense counsel, she sent two letters to defendant requesting him to schedule appointments for interviews. The first letter was returned as undeliverable, and the second had not been returned. She further indicated that defendant had neither telephoned nor reported to the department of adult court services.

Following the testimony of one police officer and two investigators about specific instances of criminal conduct by defendant and their interaction with defendant pertaining to those occasions, the trial judge sentenced defendant *in absentia* to 10 years' imprisonment. Defense counsel subsequently filed a motion to reconsider, and defendant's sentence was reduced to five years. This appeal then followed.

Defendant contends that the presentence investigator's failure to provide the court with a statutorily acceptable presentence report necessitates remanding his cause to the trial court for a new sentencing hearing. Defendant argues that, notwithstanding his absence, certain items of statutorily required information could readily have been provided in the report and that the probation officer's failure to do so was improper. The State responds that defendant should be estopped from complaining about deficiencies in the report because he wilfully absented himself from the proceedings. The State further argues that requiring a presentence investigator to provide a catalog of community services in the report without having previously interviewed defendant would result in little or no practical benefit.

■ While it is incumbent upon a presentence investigator to present a presentence report consistent with statutory directives (see *People v. Meeks* (1980), 81 Ill. 2d 524, 533), it is our opinion that where omissions in a presentence report were occasioned by the wilful absence of a defendant from the presentence interview and sentencing hearing, he should not be heard to later complain about the sufficiency of the report (see *People v. Lane* (1980), 91 Ill. App. 3d 827, 830). The reason for the statutory requirement of a presentence report is to insure that the trial judge will possess all necessary information concerning a defendant, including his criminal history, prior to sentence being imposed. (*People v. Youngbey* (1980), 82 Ill. 2d 556,

564.) While it remains beyond dispute that a presentence investigation and report is a mandatory legislative requirement in felony cases (*Youngbey*, 82 Ill. 2d at 561) and that presentence investigators should make every reasonable attempt to comply with the statutory directives, this court will not strictly enforce these requirements where a defendant's wilful absence from presentence interviews and sentencing hearings frustrates the presentence investigation and preparation of the presentence report.

■ In the present case, it is primarily the wilful absence of defendant that caused the presentence report to be incomplete. For example, the presentence investigator was unable to obtain from defendant information about his physical and mental condition, family situation, education, occupation and personal habits, thus making it impossible for her to include such information in the report. Although, as defendant argues, information about special resources available within the community might have been included in the presentence report, it seems superfluous to include such information without having had the benefit of an interview with defendant. As the plain language of the statute makes clear, the purpose of information about community resources is to provide the court with insight into those services "which could aid the defendant's successful reintegration into society." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—2(2).) Without the benefit of defendant's presence, it would be practically impossible to ascertain which facilities could aid defendant's successful reintegration into society. Moreover, merely requiring a presentence investigator, without the benefit of an interview, to include a laundry list of community resources in every presentence report would amount to a wholly ministerial task of little or no value. Finally, defendant waived his last opportunity to complain about deficiencies in the report by failing to attend the sentencing hearing. (See *Lane*, 91 Ill. App. 3d at 830.) We conclude, therefore, that defendant cannot now prevail by citing deficiencies in his presentence report, where the omissions were largely occasioned by his wilful absence.

For the foregoing reasons, we affirm the order of the circuit court of Kane County sentencing defendant to five years' imprisonment.

Affirmed.

BOWMAN and NICKELS, JJ., concur.