THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRYL B. ALLEN, Defendant-Appellant.

Third District   No. 3—92—0434

Opinion filed August 26, 1993.

Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, defendant Darryl Allen was convicted of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2) and sentenced to 48 years in prison. On appeal, defendant contends that the trial court erred in refusing to instruct the jury on the lesser included offense of robbery. Defendant also argues that the report prepared prior to sentencing was inadequate and that his sentence was excessive. We affirm.

On the evening of October 26, 1990, an armed robbery occurred at the General Store, a gas station and convenience store at the intersection of Briggs Street and Interstate 80 in Will County, Illinois. Wilma Riesbeck testified that she was the owner of the General Store. For security purposes, Riesbeck had a video surveillance cam-

era installed behind the counter in the store. The camera was operating on the night of the robbery.

Cheryl Smithson testified that she was a General Store employee and was working the 3 p.m. to midnight shift on October 26, 1990. At approximately 10 o'clock that evening, while Smithson was assisting another customer, a man whom Smithson identified as the defendant entered the store. He walked to the soft drink cooler at the back of the store, then turned around and left without making a purchase. A short time later, defendant reentered the store and walked to the front counter. Smithson went to the front counter to help defendant. As she got behind the counter, defendant pulled out a gun, leaned across the counter and showed it to Smithson. She was less than a foot away from defendant. Smithson testified that the gun was black, was made of metal, had a slide on the top and had a small opening at the end of the barrel the size of a bullet. She stated that the gun appeared to be real. Defendant then told Smithson to give him the money from the cash register. After she had given him the bills and coins, defendant told Smithson to get down on the floor. She got down behind the counter and defendant left the store. Smithson then pressed an alarm button to alert the police.

The State entered into evidence a video tape taken from the surveillance camera which showed the robbery in progress. Smithson identified the defendant as the robber on the video tape. The gun used in the robbery was never recovered.

Riesbeck returned to the store after the robbery and checked the cash register. A total of $225 in bills and coins had been taken. The jury found the defendant guilty of armed robbery.

On appeal, defendant first contends that the trial court erred in denying his request that the jury be instructed on the lesser included offense of robbery. Defendant argues that since the only eyewitness to the crime could not say with certainty that the gun used in the robbery was real, the jury could conclude that the robbery was not committed with a dangerous weapon.

This same argument was raised in *People v. Arnold* (1991), 218 Ill. App. 3d 647, 577 N.E.2d 1355. In *Arnold*, three robbery victims testified that they saw a dark-colored steel handgun at various times during the robbery. The court set out the well-established rule of law that instructions on a lesser included offense are not required in a case where the evidence rationally precludes a finding of the lesser included offense. (See *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413.) The court held that because there was no evidence to question the authenticity of the gun, the trial court properly refused

to instruct the jury on simple robbery. *Arnold,* 218 Ill. App. 3d at 652, 577 N.E.2d at 1360.

■ Similarly, here, the victim testified that the gun was black, made of metal, and looked real. She saw the gun from a distance of less than one foot. There was no evidence presented to contradict the victim's testimony or otherwise question the authenticity of the gun. We therefore find that the trial judge correctly viewed the evidence presented as rationally precluding the finding of the lesser charge of simple robbery. See also *People v. Reynolds* (1983), 116 Ill. App. 3d 328, 451 N.E.2d 1003 (lack of evidence contrary to witnesses' testimony that defendant used a gun during robbery justified trial court's refusal to give simple robbery instruction).

■ Defendant next contends that the presentence investigation report prepared prior to sentencing was inadequate. Defendant argues that the investigator should have contacted more sources to make the report more complete. Initially, we note that defendant failed to object to the alleged deficiencies in the report at the sentencing hearing. Defendant has therefore waived this argument. (*People v. Madej* (1985), 106 Ill. 2d 201, 478 N.E.2d 392.) Moreover, the record indicates that defendant refused to be interviewed or cooperate in any way with the investigator in the preparation of the presentence investigation report. In such cases a defendant will not be heard to argue on appeal that the report was inadequate. *People v. Fortune* (1992), 234 Ill. App. 3d 531, 600 N.E.2d 501.

Finally, defendant contends that the trial court abused its discretion in sentencing him to 48 years in prison. Armed robbery is a Class X felony which carries a sentence of 6 to 30 years in prison (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3)). Because of defendant's prior convictions for armed robbery, he was eligible for an extended sentence of 30 to 60 years (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)(2)).

A reviewing court is not a sentencing court and may not substitute its judgment for that of the trial court merely because it would have imposed a different sentence. (*People v. Cox* (1980), 82 Ill. 2d 268, 413 N.E.2d 541.) The trial court is charged with the task of imposing a sentence which strikes the appropriate balance between the protection of society and the rehabilitation of the defendant (*Cox,* 82 Ill. 2d 268, 412 N.E.2d 541), and that determination will not be disturbed absent an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■ The record reflects that the trial court properly weighed and considered both the mitigating and aggravating factors and deter-

mined that an extended sentence was necessary for the protection of the public. The evidence presented at the sentencing hearing established that defendant was convicted of 18 counts of armed robbery in 1983. Testimony was also presented regarding two other armed robberies committed by defendant in 1990, one of which was committed at the same store where the instant offense occurred. Moreover, the instant offense was committed while defendant was on parole. Under these circumstances, we find that the trial court did not abuse its discretion in sentencing defendant to 48 years in prison.

For the reasons stated above, the judgment and sentence of the circuit court is affirmed.

Affirmed.

McCUSKEY, P.J., and BARRY, J., concur.